The Waterville Manufacturing Co. agt. Brown & Bryan.

## SUPREME COURT.

THE WATERVILLE MANUFACTURING Co. agt. BROWN & BRYAN.

Where the certificate of the Town Clerk and the certificate of the Secretary of State, of the state of Connecticut, in authentication thereof, were introduced in evidence on a trial here to prove the corporate existence of the plantiffs in that state, and it was objected by defendants, that under the Act of Congress the certificate of the Town Clerk was defective, "inasmuch as the attestation thereof was not under his seal of office, and did not show that he had no seal of office;" held, that the Act of Congress (*Stat. of Cong. of March* 27, 1804, § 1; 2 *Vol. Stat. at large, p.* 298, *ch.* 56) requires that the attestation of the keeper of the records and books shall be under his seal of office, "*if there be a seal.*" The court, however, ought not to presume the Town Clerk kept a seal of office, but rather to the contrary, when it knows that in analogous cases in our own state there is no such seal.

And where the bill of exceptions showed that the defendants objected, on the trial, "that the certificate of the Secretary of State accompanying this certifi-cate was not sufficient to entitle the papers so offered to be read under the statute of the United States, *because* the Act of Congress *did not apply to such a case;* and that the same was not *properly authenticated*, pursuant to the Act of Congress relating to the authentication of such documents," *held*, that the defendants, on the motion for a new trial, could not upon the bill of exceptions raise and insist upon the objection that the certificate of the Secre-tary of State was defective, "in not stating that the Town Clerk's certificate is *in due form*, and *by the proper officer*," although such defect clearly ap-peared.

The defendants should be confined to the objections raised and excepted to on the trial. If the latter defect had been specified on the trial, *non constat*, the plaintiff would have supplied it by other proof.

*Monroe Special Term, January*, 1853. Motion on behalf of the defendants for a new trial, on bill of exceptions.

The action was tried on the 14th November, 1851, at the Monroe Circuit, before WELLES, J. On the trial it became necessary for the plaintiff to prove its corporate existence, under a statute of the state of Connecticut. The plaintiff claimed to be a corporation organized under a general statute of that state, entitled, "Of Joint Stock Corporations," the 196th section of which is as follows:—

"Any number of persons not less than three, who, by arti-cles of agreement in writing, have associated, or shall associate,

according to the provisions of this chapter, under any name assumed by them, for the purpose of engaging in and carrying on any kind of manufacturing, mechanical, mining, or quarrying business, or any other lawful business, and who shall comply with all the provisions of this chapter, shall, with their successors and assigns, constitute a body politic and corporate, under the name assumed by them in their articles of association."

Section 210 of the same statute requires certain things to be done before any corporation can be formed under it, such portion of which section as is necessary for the understanding of the points decided, is stated in the opinion of the justice, which follows. The other facts of the case are sufficiently stated in the opinion.

S. MATHEWS, *for Defendants.*
GEO. H. MUMFORD, *for Plaintiff.*

WELLES, Justice.—By section 210 of the statute of the state of Connecticut concerning joint stock corporations, under which the plaintiff claims to have been incorporated, it is provided, that before any corporation formed and established by virtue of that statute shall commence business, the president and directors thereof shall, among other things, make a certificate of the purposes for which such corporation is formed, the amount of their capital stock, the amount actually paid in, and the names of their stockholders, and the number of shares by each respectively owned; which certificate shall be signed by the president and a majority of the directors, and deposited with the secretary of that state, and a duplicate thereof with the town clerk of the town in which said corporation is to transact its business, and said secretary, and said town clerk, shall respectively record the same in books to be kept by them for that purpose, &c.

It was necessary, therefore, for the plaintiff, in order to establish its corporate existence within the contemplation of the act, to give legal evidence, among other things, that they had deposited the certificate mentioned, in the town clerk's

office of the town in which the corporation were to transact its business.

To prove this fact, the plaintiff offered in evidence what purported to be a certificate of Wales B. Lounsbury, clerk of the town of Waterbury, New-Haven County, in the state of Connecticut, showing, among other things, that on the 18th day of August, 1847, the president and directors of the Waterville Manufacturing Company deposited in the town clerk's office in said town a certificate of their organization, giving a full copy thereof, which in point of form appears to be in conformity with the act before mentioned; that the same was duly recorded, and that the copy of the certificate given is a true copy from the record.

To this certificate of the town clerk was appended a certificate of the secretary of state of the state of Connecticut, in words and figures following, viz. :—

" State of Connecticut, office of Secretary of State :

" I hereby certify that Wales B. Lounsbury was, at the time of subscribing the foregoing attestation, and now is, the Town Clerk of the town of Waterbury, in New-Haven County, in said state, duly elected and sworn to a faithful discharge of his said office and trust, and that full faith and credit may and ought to be given to his official acts and attestations; and I further certify, that I believe the foregoing signature of the said Wales B. Lounsbury to be genuine.

" In testimony whereof, I have hereunto set my hand and affixed the seal of the said state, at Hartford, this 27th day of October, A. D. 1851.

[L. S.]                          JOHN P. C. MATHER,
                                      *Secretary of State.*"

This evidence was objected to on the ground, as the bill of exceptions states, " that the certificate of the secretary of State accompanying this certificate, was not sufficient to entitle the papers so offered to be read, under the statute of the United States, because the act of congress did not apply to such a case; and that the same was not properly authenticated, pur-

suant to the act of congress relating to the authentication of such documents."

The objection was overruled, and the papers read in evidence, and the defendants' counsel excepted.

The act of congress referred to provides that " all records and exemplifications of office books, which are, or may be, kept in any public office of any state, not appertaining to a court, shall be proved or admitted in any other court, or officer in any other state, by the attestation of the keeper of the said records or books, and the seal of his office thereto annexed, if there be a seal, together with a certificate of the presiding justice of the court of the county or district, as the case may be, in which said office is, or may be kept ; or of the governor, the secretary of state, the chancellor, or the keeper of the great seal of the state, that the said attestation is in due form, and by the proper officer," &c. (*Statute of Cong. of March* 27, 1804, § 1, 2 *vol. statutes at large, p.* 298, *ch.* 56.)

It is now contended, 1st. That the certificate of the town clerk of Waterbury was defective, inasmuch as the attestation thereof was not under his seal of office, and did not show that he had no seal of office ; and, 2d. That the certificate of the secretary of state did not show that the certificate of the town clerk was in due form.

The act of congress requires that the attestation of the keeper of the records and books shall be under his seal of office, " *if there be a seal.*" If there be no seal, then, of course, the attestation may be good without one. I think we ought not to presume the town clerk kept a seal of office, when we know that in analogous cases in our own state there is no seal of office. On the contrary, if any presumption is to be indulged in, it should be that there was no official seal of the clerk, for the reason that, if there was, it would have been affixed to his attestation. If the attestation had been by the clerk of a court in order to prove judicial proceedings, the presumption, perhaps, would be, that there was a seal.

But the certificate of the secretary of state is defective in not

stating that the clerk's certificate is *in due form*, and by the proper officer.

It is contended in answer to this objection, that it was not specified upon the trial. The objection was, that the certificate of the secretary of state was not sufficient, &c., *because* the act of congress did not apply to *such a case*, and that the same was not properly authenticated, &c. I incline to think the bill of exceptions does not allude to the point now insisted upon. The objection related to two things : first, that the act of congress did not apply to such a case ; and, second, that the secretary's certificate was not properly authenticated : no complaint was made of its form, or that it did not contain facts sufficient. The objection in this respect was, that it was not properly *authenticated*. To authenticate is to render authentic. Among other definitions of the adjective authentic, is the following : " Having a genuine original authority, in opposition to that which is false, fictitious, or counterfeit ; being what it purports to be ; genuine ; true ; applied to things, as, an authentic paper or register." (Webster.) Now, the certificate of the secretary of state conforms to this definition. It proved itself ; enough appeared to give it genuine original authority ; it was what it purported to be. It was genuine and true, as far as it went, and was good for all it contained. If it did not prove enough, the particular defect should have been pointed out, in order that the plaintiff might have given other proof to supply the defect. I suppose it would have been competent for the plaintiff to have introduced the clerk of the town of Waterbury, and proved by him all that was necessary in relation to depositing in his office the certificate of the president, directors, and company, as required by the statute of Connecticut ; and we have no authority for saying it was not in the plaintiff's power to do so, if the objection in question had been pointed out. The act of congress, providing for this kind of evidence, is cumulative, and not intended to supersede the common law rules of evidence.

Upon the questions relating to the merits, I have only to say, that I think the evidence, taken together, was sufficient to

entitle the plaintiff to recover. The defendant Brown cannot object that the instrument of October 26th, 1848, was not a joint proposition by both the defendants, and the subsequent transactions between the parties show that both Brown and Bryan regarded it in that light.

New trial denied.