## Henry Weber v. James Henry.

*Illegal levy by United States Marshal: State Process: Effect of release of levy.* The rule which protects property in the hands of a United States Marshal from levy under State process, does not prevent the Marshal from surrendering an illegal levy voluntarily; and where, upon a levy by the Sheriff, it does not appear that the Marshal notified him that he claimed the property officially, or objected on that account to giving it up, there is no clashing of process.

An officer's release of a levy discharges it; and where such levy was tortious and gave no right to the officer making it, such release would be entirely proper, and no more than a matter of honest duty. A levy on the property of a stranger to the suit, is a trespass which confers no right on the officer. *Buck v. Colbath, 3 Wall. 334.*

*Waiver of return: Replevin: Special property: Damages.* Where a person setting up only a special property in chattels replevied waives a return and claims only pecuniary damages, his recovery can not exceed the extent of his interest as shown. *L. 1865, p. 325.* No presumption can be raised concerning the extent of a special interest beyond the amount proved.

*Heard April 11. Decided April 14.*

Case made from Wayne Circuit.

This was an action of replevin brought by plaintiff against defendant for the unlawful detention of certain goods and chattels mentioned in the writ, and to recover damages therefor.

The plea was the general issue, with a notice thereto annexed, that defendant would give in evidence on the trial of the cause, that the goods and chattels described in the plaintiff's declaration were taken and seized by defendant, acting as Marshal of the United States for the Eastern District of Michigan, in a cause pending in said court, wherein John B. Goodsell is plaintiff, and Emil Dahlheimer and Adolph Bieber are defendants; and that at the time of the commencement of this suit the defendant held said goods and chattels under and by virtue of said writ of attachment.

The jury rendered a special verdict, on which judgment was rendered in favor of defendant for the value of the property; the return of the same having been waived. So

much of the facts as are material are referred to in the opinion.

*H. M. & W. E. Cheever*, and *D. C. Holbrook*, for plaintiffs.

1. Replevin is a concurrent remedy with trespass, and may be maintained in all cases where the latter will lie. " Whenever any goods or chattels shall have been unlawfully taken, or unlawfully detained, an action of replevin may be brought for the recovery thereof, and for the recovery of the damages sustained by such unlawful taking or detention." — *Comp. L.* § 5005.

The doctrine that state courts may exercise jurisdiction in cases authorized by the laws of such state, and not prohibited by the exclusive jurisdiction of the Federal Courts, has been often recognized. — 5 *Wheat.* 1; 6 *Halsted*, 370.

In a number of cases the jurisdiction of the state courts to relieve by *habeas corpus* against unlawful detention by an officer of the United States has been asserted and exercised. — 10 *Johns.* 328; 5 *Hall's Law J.* 301, 486; 11 *Mass.* 68; 2 *South.* 529. — And while it is conceded that *Matter of Spangler*, 11 *Mich.* 298, settles the question in this state, these authorities are cited as indicating the extent to which the courts of many of the states have not hesitated to go.

2. By the writ under which defendant acted, he was directed to attach the goods and chattels of Emil Dahlheimer and Adolph Bieber. The absolute property in goods seized must be in the debtor, and if the officer take the goods of a stranger he is a trespasser. He must at his peril take notice whose the goods are. — *Bacon's Ab.* 2 *p.* 714 *Tit. Ex.*

In *Jackson v. Dean*, 1 *Doug.* 525, this court say that an officer seizing under such circumstances is as really a trespasser as if he had taken the goods from the custody of the owner, and no demand need be made before replevin.

We insist that plaintiff can maintain this action in the Circuit Court for the county of Wayne. — 2 *Curt. C. C.*

466; 6 *Halsted*, 370; 14 *Gray*, 570; 7 *Wis.* 329; 2 *Wheat.* 9; 3 *Martin's La. R.* 416; 1 *Kent's Com.* 410; 31 *Ill.* 120; 6 *Blackf.* 520; 3 *Wall.* 335.

3. Those cases which hold a contrary doctrine are mainly where proceedings were *in rem*, either in admiralty to enforce maritime lien, or for forfeiture.

Where property is proceeded against, or made subject of judicial inquiry in courts of the United States, those courts having first obtained jurisdiction thereof, State courts can not interfere.—20 *How.* 583.

In the case at bar, the property seized under attachment, is neither proceeded against, nor made subject of judicial inquiry. "Attachment is not a proceeding *in rem*." *Ib.* 602. The writ commanded defendant to seize the goods of Dahlheimer and Bieber—*any* goods; not these particular goods. The question of property in the goods seized is entirely collateral, and one which the Federal Court could neither hear nor decide in the action pending before it. The only issue in that cause was the indebtedness of the defendants Dahlheimer & Bieber to the plaintiff, who could proceed to judgment and have execution thereon, although the property attached might be taken from the Marshal's possession. We submit, then, there could arise no conflict of jurisdiction.

*D. M. Dickinson*, for defendant.

1. Persons or property once in the custody of one court, can not be interfered with by process issuing out of another, of concurrent jurisdiction. But the first attaching authority shall retain the custody of the person or thing until its final disposal by such authority. This is an old rule of law.—4 *East*, 523.

But the rule has been strengthened and carefully guarded in this country, to the preservance of harmony between federal and state authority.

The jurisdiction of the state and national courts may be concurrent, until one or the other acts; but then the object

comes within the exclusive jurisdiction of the authority first acting, and is as far removed in this *judicial* jurisdiction from the reach of the process of the other set of courts, as if in a jurisdiction *territorially* foreign.—11 *Mich.* 298; *Ableman v. Booth,* 21 *How.* 523; 20 *Id.* 394; 24 *Id.* 455.

In this case the United States Court was the first attaching authority. The custody of its ministerial officer, the Marshal, and defendant in this cause, is the custody of that court .acquired by its process.—10 *Pet.* 400; 3 *Wall.* 341; 20 *How.* 583.

The question of whether the goods were held by virtue or by color of United States authority, is a traversable fact; but in this, the jury in the court below have found in the affirmative. This being once established, the validity of that authority, and the legality of the seizure, are questions for the United States Court alone. *See* 11 *Mich.* 298, above cited.

Whether the officer properly executed his ,writ in the seizure of goods or in any other particular, or whether the officer, by the process, was authorized to do any act under it, are all jurisdictional questions, which can only be determined by the court under whose authority such officer had assumed to act. If in one particular the validity of the national authority may be passed upon, the whole question of jurisdiction is opened to the state court, and the action of the federal court must needs wait upon the decision of a state court in every instance of this kind.

Upon any state of facts, the action of replevin can not be maintained in a state court for property seized by virtue or under color of process issuing out of a federal court, and *vice versa.*

The writ of replevin issuing out of the state court became a nullity when attempted to be executed in another judicial jurisdiction.—24 *How.* 450; 3 *Wall.* 335; 34 *Ill.* 422; 2 *Wheat.* 1.

CAMPBELL J.

To a declaration in replevin defendant pleaded the general issue in bar, and gave notice under it that he had levied upon the property as United States Marshal, under an attachment from the United States Circuit Court in favor of John B. Goodsell against Emil Dahlheimer and Adolph Bieber, and held the property under that writ at the commencement of this suit. The jury find specially that he did so levy on it, but that it belonged to plaintiff. The Circuit Court found thereupon in favor of defendant, who waived a return, and judgment was thereupon rendered in his favor for the full value of the goods, viz: six hundred dollars.

It seems to have been supposed on the argument that this case falls within the decisions of the United States Supreme Court, which hold that property held under the process of one court can not be seized by the process of another. But upon the pleadings and facts as found, no such point is properly before us. It may be questionable whether such a defence is not one which should be pleaded to the jurisdiction, and not in bar. But, admitting it properly raised upon a plea in bar, the defendant has not made it out, and has waived it if made.

It can not be pretended that in levying upon the property of a third person, he was not a trespasser, and his writ could not protect him from liability personally for his wrong doing. As a wrong - doer it was his duty to restore the property to its owner upon demand, and the only effect of any of the decisions of the United States Supreme Court is to prevent any clashing of process, and not in any way to legalize his trespass. The remedy may be obstructed, but he gets no sanction for his trespass. The case of *Buck v. Colbath.* 3 *Wall.* 334, is decisive on this point. And if he chose to relinquish his levy, his relinquishment would discharge it. Property once discharged from levy by the voluntary act of the officer can not be reclaimed by him.

It does not appear from the special verdict that when the sheriff replevied the property defendant informed him of his levy or set up any right to hold the property under it. The sheriff could not be bound to know any such fact without being informed, and defendant had the power legally to release the illegal levy. In the absence of any proof or finding to the contrary we can not assume that the sheriff undertook to seize property claimed under legal process.

But had this appeared, the defendant having waived a return of the property and elected to take a judgment for damages, the judgment rendered in the court below is in contravention of the finding. It was probably rendered under a mistake as to the present condition of the statutes on that subject. There was formerly some ambiguity as to the judgment to which a defendant was entitled, who waived a return, and who set up only a special property in the goods replevied. Section 29 of the Replevin Act contemplated a judgment only to the extent of the special interest, while section 34, if construed by itself, would permit him to have judgment for the entire value. But by act No. 195 of the statutes of 1865, the ambiguity is removed, and the judgment under section 34 is made expressly " *subject to the provisions of section* 29 *of this Chapter.*" — *L.* 1865, *p.* 325.

The verdict shows that defendant had no right whatever in the property, inasmuch as his levy was tortious. And had it been valid, no showing was made, and no finding was had concerning the amount claimed to be due in the attachment proceedings. He could have no recovery in any case beyond the pecuniary extent of his special interest, and that not being shown he is entitled to nothing.

The judgment below should be reversed and judgment rendered in this court in favor of the plaintiff for nominal damages and the costs of both courts.

COOLEY Ch. J. and GRAVES J. concurred.

CHRISTIANCY J. did not sit.