LOUIS J. HOEFFNER vs. WILLIAM M. STRATTON.

Where an action of replevin in which the pleadings put the plaintiff's title in issue, is submitted to the law court on report of the evidence, the clerk of this court in the county where the action is pending, may, upon receipt of the certificate "plaintiff nonsuit," rightfully enter up judgment for a return of the property replevied.

ON REPORT.

ACTION against the defendant, clerk of this court, for issuing a writ of restitution and execution without authority.

The case is sufficiently stated in the opinion.

*S. Lancaster,* for the plaintiff.

*L. Clay,* for the defendant.

WALTON, J.   The gist of the plaintiff's complaint is, that the defendant, as clerk of the supreme judicial court for the county of Kennebec, wrongfully entered up judgment against him for the return of a piano-forte which he had replevied from one Elbridge Berry.   The case was submitted to the law court for a determination upon a report of the evidence, signed by the presiding judge. The certificate of the decision of the law court was simply "plaintiff nonsuit."   The plaintiff contends that this certificate did not authorize the clerk to enter up judgment against him for a return of the piano-forte, because a plaintiff in replevin may be nonsuited, and yet the defendant not to be entitled to a return.   In other words, that the judgment was a *non sequitur* of the certificate.

It is undoubtedly true, that a plaintiff in replevin may fail in his suit, and yet the defendant not be entitled to a return.   When judgment is rendered against the plaintiff, and there is no other plea than *non cepit,* the defendant cannot have judgment for a return, for such a plea admits the plaintiff's title, and denies the taking only.   So, if the defendant had a lien on the goods which gave him the right of

Koeffner *v.* Stratton.

possession when the action was commenced, but before judgment, the lien is discharged; in such a case, the defendant will prevail in the suit, but he will not be entitled to judgment for a return.

But in all cases when the defendant pleads property in himself or a stranger, and traverses the plaintiff's title, if he prevails he will be entitled to a return. Judge Story says, "no avowry or cognizance for return need be made in these pleas, for they disaffirm the plaintiff's property, and a return follows of course." Story's Pleadings, 2d ed. 456, note. And again, on page 445: "If the defendant pleads property in himself, or in a stranger, in bar or abatement, if it is found for him, he shall have a return without an avowry." And the same proposition is also affirmed on page 441. The reason of the rule is this: When it appears from the defendant's plea, which is proved or admitted to be true, that the chattels were not the plaintiff's, it follows that the plaintiff has illegally taken them from the defendant, and has no right to retain them against him; therefore they shall be returned. When the defendant prevails upon such an issue, his right to a judgment for a return is as clearly established, as his right to a judgment for costs. Morris on Replevin, 87, 88. Wilkinson on Replevin, 91.

In the plaintiff's suit against Berry the pleadings did put in issue the plaintiff's title to the property replevied. It was alleged "that said piano was the property of one Franklin McGowan, and was not the property of the plaintiff;" and the report in the case shows that this was the only issue tried. When, therefore, the certificate from the law court was received "plaintiff nonsuit," it was equivalent to a special finding that the plaintiff had failed to establish his title to the property in controversy; and judgment for a return was as much a matter of course as the judgment for costs; and we see no reason why the clerk should not have entered the one as well as the other, and without any special order so to do. Nothing appearing to the contrary, one was as much a conclusion of law as the other.

But the defendant's justification does not rest alone on the certificate which he received from the law court. Having some doubts whether the entry "plaintiff nonsuit," necessarily entitled the de-

fendant to judgment for a return of the piano, he consulted Judge Rice, then a member of this court, as to what he ought to do ; and when we consider his well-known character for correctness, and that he could have no motive or interest to act otherwise, we cannot doubt that he followed the directions which he received, notwithstanding he may now have, after a lapse of many years, no positive recollection that he did so. Being a sworn officer of large experience and well-known integrity, he is certainly entitled to the benefit of the presumption, that he acted as it was his duty to act till the contrary is shown.

Assuming, then, that the defendant entered up such a judgment as he was directed by a member of this court to enter up, the question arises, whether he can be held responsible, as for a tort, provided the judgment proves to be erroneous. We think not. If the certificate of a decision of the law court happens to be so imperfect, or so ambiguous, that the clerk is in doubt as to the judgment which he ought to record, it is competent for any member of this court to direct him ; and he will not be a wrong-doer for following such directions, even if they prove in the end to be erroneous. . It is not for a clerk to assume that a judge of this court is incompetent, or not to be trusted, to direct him in such a case. The judge will determine for himself whether it is a proper case for him to direct the clerk or not. But if he does direct him, it is the clerk's duty to obey, and the law will protect him in so doing.

But we are satisfied that in this case no error was committed by any one. The defendant's pleadings expressly averred, that the property replevied was not the property of the plaintiff. The burden of proof was, therefore, upon the plaintiff to prove his title. Failing so to do, he must necessarily fail in his suit. Failing in his suit upon such a plea and such an issue, the defendant's right to a judgment for damages, and for costs, and for a return, was a conclusion of law, and was rightfully made up by the clerk upon receipt of the certificate from the law court.          *Judgment for defendant.*