## THEODORE H. HINCHMAN ET AL. v. CHARLES DOAK.

*Replevin—Judgment on denial of possession*

Where a defendant in replevin sets up no right or claim to the property, but denies having been in possession when the writ was issued and served, and defends on that ground, and has verdict in his favor that he did not unlawfully detain, etc., he has no claim to a judgment for the return of the property, or for its value.

In an action of replevin the question on the merits was whether plaintiffs or a certain third party had a right to the goods under mortgage held by them respectively. The defendant set up no right to the goods, but denied that they were taken under the writ from his possession, and gave particular and circumstantial evidence that he was not in possession when suit was instituted. The jury returned a

verdict that the defendant did not unlawfully detain, etc. *Held,* that under these circumstances the defendant was entitled to judgment for costs only; and the judge having sent the jury back to assess the value of the property, and given judgment for the defendant for the amount assessed, such judgment for value was reversed.

Error to Jackson. Submitted Apr. 11. Decided Apr. 19.

REPLEVIN. Plaintiffs bring error. Reversed.

*A. M. Culver* and *John D. Conely* for appellants. A defendant in replevin who relies merely upon a denial of possession is only entitled to judgment for costs: *Darling v. Tegler* 30 Mich. 54; there can be no recognition of a right of property: *Sexton v. McDowd* 38 Mich. 148; if he claims by virtue of special ownership his interest must be found to entitle him to judgment for return: Comp. L. § 6754; *Gidday v. Witherspoon* 35 Mich. 369; *Hunt v. Bennett* 4 Greene 514; *Chambers v. Waters* 7 Cal. 390; return could not be awarded at common law unless defendant pleaded property in himself or another, or made avowry or conusance: *Simpson v. M'Farland* 18 Pick. 430; or if he prevailed only on plea of *non cepit* or *non detinet*: *Timp v. Dockham* 32 Wis. 150; *Chandler v. Lincoln* 52 Ill. 74; *Bourk v. Riggs* 38 Ill. 320; replevied goods cannot be restored to a person from whom they were never taken: *Hall v. White* 106 Mass. 600; *Gallagher v. Bishop* 15 Wis. 278.

*Corbin & Cobb* for appellee.

COOLEY, J. Replevin for a stock of drugs and groceries. The property was taken on the writ and delivered to the plaintiffs. The defendant was personally served with process, and appeared and pleaded the general issue to the declaration.

On the trial the plaintiffs claimed a right to the possession of the property under a chattel mortgage given by one Silsbee, the former owner; but it appeared that one Lewis had a prior mortgage covering a considerable portion of the

goods, if not all of them, and that Lewis claimed to have taken possession under it. The question, therefore, on the merits was, whether Lewis or the plaintiffs had the better right under their respective mortgages. The defendant not only set up no right in the goods himself, but he denied that he was in possession of them when the writ was issued or when it was served; and on the trial he gave very positive and circumstantial evidence in support of the denial. In submitting the case to the jury the circuit judge called attention to this evidence, and instructed the jury that if defendant was not in possession, as he testified he was not, the action could not be maintained, for in that case he was not guilty of the detention. He also gave appropriate instructions respecting the rights claimed by the plaintiffs to govern the action of the jury in case they found an unlawful detention by the defendant. The jury returned a verdict finding simply that the defendant did not. unlawfully detain the goods. Under the evidence and the instructions given to them they could have meant by this no more than that the defendant was not in possession when the suit was instituted. The trial judge, however, supposed the verdict incomplete, and sent the jury back with instructions to assess the value of the replevied property. This they did, and judgment was entered for the defendant for the return of the property.

Now it is apparent that the defendant can have no just claim to collect this judgment. *Weber v. Henry* 16 Mich. 399. He set up no claim to the goods, or to any interest therein, and he did not defend in the right of any one else. He had no claim to have the goods restored to him, because they were not taken from him. And surely he can have had no right to make them indirectly his own, and recover their value by showing that he had been wrongfully charged with intermeddling with them.

When the defendant established the fact that he was not in possession when suit was instituted, he showed that he was entitled to have the case dismissed out of court, and to recover his costs. But this was the extent of his right.

The first verdict of the jury was correct, and the judgment is right so far as it follows that verdict. But the judgment for the return of the property must be reversed with costs of this court.

The other Justices concurred.