Moody, J.
This acti«n was brought to determine conflicting claims to mining ground situated in Whitewood Quartz Mining District, Lawrence county. The plaintiff claims by virtue of the Caledonia location, and the defendants by a location called the Bobtail. The defendant, Noonan, claiming to be the owner of the Bobtail, applied for a patent,' and pending that application, after making the requisite protest 'to stay the issuance of patent, the plaintiff brings this action. The trial was to the Court without a jury; judgment was rendered for the plaintiff, and the defendants appeal.
Ninety-eight assignments of error appear in defendants’ brief, being the same as those stated in the motion for a new trial; all of which, that it is important should be now noticed, can be classified and disposed of in four general propositions. The first relates to the manner of making an amendment to the complaint, and making the defendant, Mahan, a party thereto during the trial. The second, to the admission of certain secondary evidence and depositions. The third, to the admission of evidence of acts of location performed, and declarations made regarding the disputed claims, prior to the 28th day of February, 1877, and whilé they were still covered by the Great Sioux Indian reservation; and fourth, to the alleged insufficiency of the evidence to sustain the findings and decision of the District Court.
Notwithstanding the defendant, Noonan, when he applied for the patent, claimed to be the sole owner of the Bobtail, and to take the’title to himself, and that the action was brought upon that theoi-y, it became apparent during the progress of the H'ial, that his grantor, Thomas E. Mahan, who claimed still, to have an *193 interest in the claim, was a proper, if not a necessary party, to a complete determination and settlement of the question involved in the controversy. And thereupon by consent of all the parties, the Court made an order making Mahan a party defendant, and the following minute was entered in the journal, after the title:
“Now, on this 15th day of July, A. D. 1880, the trial of this “ cause resumed. By consent of all parties Thomas E. Mahan is “ made a party defendant in this action. Counsel for defendant “ appear and answer instanter for him any amendments to plead- “ ings required during the pendency of this action or at its con- “ elusion.”
The authority to cause such an amendment to he made cannot he doubted. Section 142, Code of Civil Procedure, among other things, provides: “The court may before or after judgment, in “ furtherance of justice and on such terms as may be proper, “ amend any pleading, process or proceeding, by adding or strik- “ ing out the name of any party,” etc.
Mahan was in court as a witness, and was assisting in the conduct of the defense, and, upon such consent order being made, the attorneys for the other defendant of record at once appeared for him; the understanding being had that thereafter, and before judgment, the pleadings should be arranged accordingly. Thereupon the trial proceeded with the two parties defendants, they joining in all subsequent proceedings, including the motion to correct the findings, motion for a new trial, objections, exceptions, etc., and they join in this appeal. Before judgment, and when the plaintiff’s counsel came to perfect the record as to Mahan, instead of re-writing the complaint and inserting the name of Mahan where it would properly come, as is the regular and much the better practice, they made and served upon defendants’ counsel, and filed with the judgment roll, an amendment to the complaint in these woi’ds, after the title: “Now comes the above named plaintiff *194 “ and in pursuance and by authority of the court hereinbefore “ made on the 15th day of July, 1880, making the said Thomas “ F. Mahan a defendant in this action, amends its amended and “ substituted complaint, which was herein filed November 6,1879, “ by inserting therein the name of the said Thomas F. Mahan as “ a defendant, and by inserting in and adding to said complaint, “ immediately after the subdivision thereof numbered “ 9,” and “ before the prayer thereof, the following allegation, to-wit: ‘ 10. “ And plaintiff further avers that the defendant, Thomas F. “ Mahan, has, or claims to have, some right, title or interest ad- “ verse to plaintiff, in or to that portion of the said Caledonia lode “ claim, above described by survey; that said claim of said defen- “ dant, Mahan, is without foundation or right as against the plain- “ tiff, but said Mahan persists in the same, and makes said claim, “ as plaintiff is informed and believes, under the said alleged and “ pretended location of the said alleged Bobtail lode claim above “ described, as co-owner with, or claiming under, the same right “ as defendant, Noonan, as above mentioned; and that said claim “ of said Mahan casts a cloud upon plaintiff’s title to said portion “ of said Caledonia lode above described, and plaintiff therefore “ makes said Mahan a defendant in this action, and asks the same “ judgment, decree and relief against him as is hereinafter prayed “ against said defendant, Noonan.’ ”
“ Clagett & Dixon,
“ Attorneys for PlamtiffP
No objection was made in the District Court to this mode of amending a pleading, nor was the attention of that court, in any way, called to it.
Upon this appeal the objection for the first time is made. It is alleged to be an irregularity, and also that this amendment to the complaint is an amended complaint, and takes the place of the original — the argument being, that as it is (as assumed) an amended *195 complaint, and as it does not in and of itself state a cause of action the judgment cannot be sustained.
It is quite true that an amended pleading takes the place of the pleading amended, and that the original drops out of, and ceases to be a part of the record; and it is also true that the mode of making amendments of pleadings recognized by our practice, is by re-writing the pleading, leaving out such allegations and inserting such other allegations as may be desired, so that all'the parts of the pleading shall be in one instrument or paper, and be complete in itself.
But this subsequent writing does not purport to be an amended complaint, only an amendment to the complaint. At the worst it is but an irregularity which cannot be taken advantage of for the first time upon appeal.
No doubt if the attention of the District Court had been called to it, the regular and proper practice would have been enforced, and the plaintiff compelled to re-write the complaint^ inserting the mme of Thomas F. Mahan in its proper place. Even in this court, if it was necessary, it would be within the power of the court to cause so technical an objection to be obviated by having both writings incorporated together, as it would involve nothing greater than the performance of some clerical labor by the plaintiff’s counsel or other person, and would not in any way affect or change the rights of the parties. But it is not necessary. The complaint, the order, the minute extended upon the journal, the amendment, and the subsequent proceedings make the record complete, as to Mahan, as well as Noonan, and they cannot be heard now to complain of the form of proceedings which do not affect their substantial rights.
We are constrained to this view by the express command of the statute. Section 115, Code of Civil Procedure, is as follows:
“ The court shall in every stage of the action, disregard any *196 “ error or defect in the pleadings or proceedings which shall not “ affect the substantial rights of the adverse party; and no judg- “ ment shall be reversed or affected by reason of such error or de- “ feet.”
But it is said Mahan has not answered the complaint, and upon, the argument it seemed to be cherished as a merit that his counsel had advised him not to answer. It is only his fault if he has not, and he may now be liable to the consequences of a1default, but with the agreement on the trial the plaintiff seems to have complied, as the action has been tried and determined, and all proceedings taken, as though he had answered in full. Certainly the adverse party is in no way subject to censure for Ms not answering. He had the fullest opportunity to do so, and had stipulated to answer at once. More than likely the answer of his co-owner and co-defendant was deemed sufficient, as'it not only puts in issue the plaintiff’s title, but sets up the title in both Noonan and Ma-han — all that Mahan could possibly plead for himself under the proofs. In any event it is not in courts of justice regarded as meritorious for a party to seek advantage by reason of his own laches. We might have dismissed this point with much less consideration, as no mention is made of it either in the motion for a new trial or anywhere in the bill of exceptions.
Upon the trial the plaintiff, to prove its corporate existence, offered in evidence in addition to the proofs of user, a copy of its articlés of incorporation, certified by the county clerk of the city and county of San Francisco — the place of its principal business— under his seal of office, to which was appended a certificate of the Secretary of State of the State of California, under the great seal of the state; both certificates reciting that it is a copy of the original now on file in their respective offices; and also a similar copy certified to by the Secretary of the Territory as a copy of the articles on file in his office, with the great seal of the territory attached. In connection with these, the laws of the State of Cali *197 fornia, relating-to the organization of incorporations, were produced and offered in evidence without objection, by which laws it appears that such articles are required to be filed — one-in the clerk’s office of the county in which the principal place of business is situated, and a copy thereof with the Secretary of State. • Both of these for the purposes of incorporation may be considered as originals. To the introduction of these certified copies a general objection was interposed, that they were incompetent, irrelevant and immaterial. Upon this appeal it is for the first time objected that they are not properly certified and authenticated, as required by the act of Congress, and that the certificates are signed by the officers named, by deputy.
Without stopping now to determine whether these objections would have been good if made in the court below, but conceding they would have been well taken, the question arises whether such objection taken for the first time upon appeal can be made available.
No rule of practice is better settled than that where an objection to evidence could have been obviated upon the trial, if specifically pointed out, an ex cep tion* which does not specifically point out such objection will be unavailing upon appeal. Says Mr. Waite, in his work on practice, a text which is supported by all the cases to which our attention has been called, and denied by none:
“ Where a specific objection might have availed, a general objec “ tion will not be sufficient to raise the point on appeal, especially “ if the difficulty might have been obviated if such specific objec- “ tion had been made.”
“ Where an exception to evidence is so general in its character “ as not to indicate the particular ground on which it was made, “ the exception will be unavailing, unless the character of the “ objection was such that it could not have been obviated on the trial had it been specifically pointed out.”
*198 “ It is well established that the courts do not favor any unfair “ or secret mode of raising an objection, and therefore any objec- “ tion whiqji might have been fairly answered if seasonably made, “ will be disregarded on appeal, unless specifically taken below:” "Waites’ Prac., Vol. 3, p. 206, and Vol. 4, p. 230; Tooley v. Bacon, 70 N. Y., 37; Sevin v. Russel, 42 id., 251; Williams v. Sergeant, 4 id., 481; Belk v. Meagher, 14 Otto, 288; Braly v. Reese, 51 Cal., 447; Waterville M. Co. v. B., 9 How. Pr., 27; Knapp v. Schneider, 24 Wis., 70; Burton v. Driggs, 20 Wall., 125; City of Ripon v. Bettel, 30 id., 614; Columbia, Del., Bridge Co. v. Geisse, 38 N. J. Law, 39; Merrit v. Seamon, 6 N. Y., 168; Coon v. S. & N. R. R., 5 id., 192-531.
If the specific objection had been made it would have been easy for the plaintiff to have supplied the certificate required by act of Congress, or to have made other legal proof. The act of Congress providing for this kind of evidence is cumulative, and not intended to supersede the common law rules of evidence.
The evidence was secondary in its character. It was material, relevant and competent to prove a compliance with the law of incorporation of California, and only objectionable because the additional certificate was not appended or other proof made. Nothing is better understood than the rule which requires the objection to secondary evidence to be made specifically upon the ground that it is not the best evidence, or the objection to the introduction of a written instrument in evidence, upon the ground that its execution has not been proven, to be made upon that specific ground to be of avail in a bill of exceptions. These rules are only fair and just to the trial court and to the adverse party.
If the objection goes to the merits, and cannot be obviated, then a general objection may suffice, because in such case the evidence cannot be made available to the party by any subsequent acts. To hold that a party may upon a trial interpose a general objection in no way pointing out the defect of which he complains, and which. *199 could be easily and speedily remedied, and then for the first time in the appellate court raise the merely technical objection that the paper offered was not sufficiently certified, or authenticated, or otherwise proven, would be opening the door to the grossest unfairness, and would be trifling with the administration of the law. If parties desire to avail themselves of such objections they must make them in the trial court, with such particularity and so specifically that this court can see that such trial court has passed upon the very question presented here. Not one case has been called to our attention where a contrary doctrine is sustained.
We have treated this question altogether independent of the proofs which were given of the acts of this plaintiff as a corporation in good faith, and the expenditure of many thousand dollars in the conduct of its business in this territory, together with other facts. These facts were sufficient to establish its defacto existence, no proofs being offered to the contrary.
The same views we have expressed with reference to the articles of incorporation, will apply with equal or more force to the questions made with regard to the reading of the depositions of Keitlily and Chizum. The objections and exceptions are of the same character as those before given, and now it is urged that it does not appear in the evidence that Keithly was proven to have been out of the county, nor does it appear that appended to the Chizum deposition is a notice of the taking.
In addition to the difficulties in the way of considering this exception already suggested, in the absence of its appearing affirmatively that no such proof was made to the trial court, and that the reading of the deposition was objected to on that specific ground, this court must presume sufficient grounds were laid and sufficient proof was made, to authorize the reading of the depositions. *
We cannot, without extending this opinion to a great and useless *200 length, notice the several instances in which similar technical objections are now sought to be made for the first time in this court, to the admissibility of evidence against which no objection, or no specific objection was made, in the District Court. Suffice it to repeat what we have before in substance said in this case, and held in other cases — parties must point out to the District Court the precise question upon which they seek a ruling, and must be able to put their finger upon and show to this court the very error of which they complain in such ruling. It will not answer to put into the bill a general objection, in no wise calculated to inform the trial court or the adverse party what is 'the ground of the objection, and then attempt here to spring a trap, and thus unfairly obtain a new trial of the action.
Numerous objections were made to evidence introduced by the plaintiff, of acts relating to the location of these mining claims, and to declarations of the defendants and their grantors prior to the 28th day of February, 1877, the date on which, by the cession of the Black Ilills by the Sioux Indians, the lands in controversy became open to exploration and purchase.
This court has before held that no rights could be acquired to any lands in the Black Hills prior to the 28th of February, 1877, by reason of the existence, until that time, of the Sioux Indian reservation covering that part of the territory: Uhlig v. Garrison., [2 Dak., 71]; French v. Lancaster, [2 Dak., 276,] and therefore if the plaintiff’s rights rested ^^pon acts of location done prior to such date, these objections would present the question squarely; and, following the former decisions, we would be necessarily com» polled to hold the objections well taken.
The right of possession to a quartz mining claim depends, after a discovery of the vein within the limits of the claim, upon the performance of certain acts of location, and a continuing compliance with the laws of Congress, and'with the local laws, rules and regulations not inconsistent with such laws of Congress.
*201 Such acts, performed while the inhibition of the treaty with the Indians remained in force, were of no avail; but a party in possession on the 28th day of February, 1877, with the requisite discovery, with the surface boundaries sufficiently marked, with the notice of location posted, and with a disclosed vein of ore, could by manifesting his adoption of these facts, and subsequently causing a proper record to be made and performing the amount of labor, or making the improvements necessary to hold the claim, date his rights from that day; and such location and subsequent labor and improvements would give him the right to the possession from that day thereafter.
This case was tried before the decision in French v. Lancaster, and before it was known what views this court would entertain as to the validity of a mining location made while the reservation still covered these lands, and by consent both parties to the controversy adduced evidence of acts and declarations occurring prior to February 28, 1877, as well as of facts existing on that day and occurring thereafter, each reserving the right to raise the question of the competency of such evidence by exceptions to be incorporated in the bill if they desired. The cause was tried to the court, and the findings distinctly, clearly and fully discriminate between acts done before, and those done after said date, and those facts which on that day existed. So that, by eliminating and striking from the transcript all the evidence and all the findings having reference to matters occurring prior to such date, the findings abundantly support the judgment in plaintiff’s favor, and the evidence clearly and fully supports and authorizes the findings. The defendants are therefore in no wise prejudiced by such evidence or such findings as are objected or excepted to, for the reason stated.
In a trial to the court, findings being made, evidence wholly immaterial which does not enter into, and could have no influence upon the findings, which are the basis of the judgment, and upon *202 which it rests, does not prejudice the defeated party, and the admission of such evidence is not error for which a judgment will be reversed.
Immaterial findings which are not the basis of the judgment, other sufficient findings appearing in the record, will not vitiate the judgment or cause its reversal. This question in this case is the precise question which was involved in Golden Terra Mining Co. v. Smith, administrator, etc., decided in this court. In that case the court held that findings of acts of location of a mining claim done prior to the 28th of February, 1877, and the admission of evidence of such acts, did not prejudice the plaintiff and was not a ground for reversal; the findings in that case, as in this, making a clear distinction between facts occurring before and after that date.
In the case of French v. Lancaster, which is cited by defendants as sustaining tlieir view, the trial was to a jury, and a general verdict was rendered. Therefore it was impossible in that case to make the distinction made in this and the Golden Terra case, as it was not possible to determine what portion of the evidence entered into and aided in making up such general verdict. These cases are readily distinguishable.
Again, in the case at bar, both parties in their pleadings claim by reason of locations made before, and relocations made after, February 28, and the evidence was directed to such separate and distinct issues, so there could be no confusion, and no room for prej udieing the defendants’ rights by receiving such evidence.
We follow the decision in the case of Golden Terra Mining Co. v. Smith in this, and hold no error prejudicial to the defendants, resulted from the introduction of the evidence in question.
The remaining.questions are properly grouped under the allegation of the defendants, that the findings are not supported by the evidence. The rule, which this court has several times announced *203 as binding upon it, precludes us from trying the cause anew. Under the practice act of the territory now in force, this court in this case is empowered to correct the errors occurring in the District Court, but cannot try the case anew. The evidence was taken orally, and comes here by bill of exceptions. Ve can only examine it for the purpose of considering the exceptions, and among them the exceptions to the decision upon the ground of the insufficiency of the evidence to sustain it. Therefore we are only to look into the evidence, upon these exceptions now being considered, to ascertain whether there is a substantial conflict in the evidence, and whether the material findings are supported by sufficient and substantial evidence. If the findings are thus supported we cannot say the District Court has, in making them, erred. ¥e cannot weigh the evidence and determine its preponderance between the parties. That is the province of the District Court. There the demeanor of the witnesses, the manner of testifying, and many almost intangible circumstances can be observed and appear, which aid the trier to determine the credibility of the witnesses and the weight to be given their testimony. Here we have no such opportunity.
This cause took some four weeks to try. The abstract contains nearly four hundred printed pages of testimony abbreviated. Sufficient of it has been read upon the argument in this court, during the five days devoted to it, to make it entirely clear that there was great conflict of evidence, and that the material findings are all fully sustained by the evidence, and therefore the exceptions to the decision for insufficiency of the evidence to sustain it, are not well founded.
No other questions of sufficient importance to require attention in this opinion are made. The judgment of the'District Court is,
Akrirmed.
All of the Justices concurring.