## PITTS AGRICULTURAL WORKS v. YOUNG.

1. The general denial in actions of claim and delivery under the Code puts in issue not only the unlawful detention of the property by the defendant, but also the title and right of possession in the plaintiff; and under it the defendant may not only show that the plaintiff has no title or right to the possession, but, by way of establishing that fact, may prove title in himself or in a stranger. And, for the purpose of showing that he did not unlawfully detain the property, the defendant, under such denial, may prove that some other person was in the possession and held the same at the commencement of the action.

2. When, however, the property is taken by the officer under his process, the presumption is that it was taken from the possession of the defendant, and this presumption can only be overcome by evidence on the part of the defendant that he did not have the possession at the commencement of the action.

3. A verdict of a jury finding all the issues in favor of the defendant will ordinarily be construed with reference to this presumption, and not as finding that the defendant was not in possession of the property at the commencement of the action.

4. The rule seems to be well settled that when the defendant pleads property in himself or in a stranger, or he traverses the plaintiff's right to the possession, if he prevails in the action he will be entitled to a judgment for the return of the property, or its value in case a return cannot be had.

5. When a general objection is made at the trial to evidence offered that might have been obviated at the time had a specific objection been made to it, such a general objection will not be considered by this court on appeal.

(Syllabus by the court.   Opinion filed Feb. 23, 1895.)'

Appeal from circuit court, Marshall county.   Hon. A. W. CAMPBELL, Judge.

Action by the Pitts Agricultural Works against Robert Young to recover the possession of certain personal property. Judgment for defendant, and plaintiff appeals.   Affirmed.

The facts are fully stated in the opinion.

*Turner & McCoy,* for appellant.

A general objection to the introduction of evidence is effectual if the objection could not have been obviated had the grounds been specifically pointed out.   Merritt v. Seaman, 6 N. Y. 163; McCombie v. Spoder, 1 Hun. 193; Levin v. Russell, 42 N. Y. 251; Baylie, Trial Prac. p. 202.

Where a defendant in replevin sets up no right or claim to the property but denies being in possession when the writ was served, and this is found in his favor, he has no claim to a judgment for the return thereof or its value.   Hinchman v. Doak, 12 N. W. 39; Cobby on Rep. sec. 1127.   A defendant in replevin who pleads property in a stranger will not be awarded a return unless he shows some reason to entitle him to the pos-

session.  Rogers v. Arnold, 12 Wend. 30; Duncan v. Spear, 11
Wend. 54; Van Namee v. Bradley, 69 Ill. 300; Cobbey on Rep.
sec. 1128; Landers v. George, 40 Ind. 160; Underwood v.
White, 45 Ill. 438; Constantine v. Foster, 57 Ill. 38; Prosser v.
Woodward, 21 Wend. 209; Morse v. Stone, 5 Barb. 516.

*A. Sherin* and *Jas. Wells,* for respondent.

CORSON, P. J.  The plaintiff instituted this action to re-
cover possession of about 1,400 bushels of grain, claimed by the
plaintiff to have been mortgaged to him by the terms of a chat-
tel mortgage executed by the defendant.  The plaintiff in his
complaint set out the substance of the said chattel mortgage, and
alleged that it was due and unpaid, and concludes as follows:
"That said property, and the whole thereof, and the possession
thereof, is wrongfully detained from plaintiff by defendant, and
that plaintiff has demanded, and caused to be demanded, of de-
fendant the possession thereof, but that defendant has always
hitherto neglected and refused, and now neglects and refuses,
to deliver the same, or any part thereof, to plaintiff.  Therefore
plaintiff demands judgment against the defendant for the im-
mediate return and possession of said property, or the sum of
$950, the value thereof, in case a delivery cannot be had, and
for the costs and disbursements of this action."  The answer of
defendant is as follows:  "The defendant denies each and
every allegation, matter, fact, and thing in said complaint con-
tained, except as hereinafter admitted.  The defendant admits
the making of the notes and chattel mortgage as alleged in said
complaint.  The defendant specifically denies that he is the
owner of any of the grain of any kind that was raised and har-
vested on the said N. E. ¼ of section 29–128–57 during the year
1892, or that he is the owner or in possession of said land, but
that one Daisy Young is the owner of and entitled to the pos-
session of said crop so raised during the year 1892, and that
she is in possession of said land by virtue of a lease; that all
the property taken by the sheriff in this action is the property

of said Daisy Young, and not the property of this defendant. Wherefore defendant demands judgment against plaintiff for the immediate possession and return of the property above described, or for the sum of $925, the value thereof, in case a delivery cannot be had, besides costs and disbursements of this action." A trial was had before a jury, which found the following verdict: We, the jury, duly impaneled and sworn to try the issues in this action, find for the defendant upon all the issues; that the defendant is entitled. to the possession of the property described in the complaint; and that the property is of the value of $576.74,"—upon which the following judgment was rendered: "It is adjudged that the defendant recover of the plaintiff the possession of the personal property described in the complaint, or $576.74, the value thereof, in case a delivery of said property cannot be had, and $38.30, costs to be taxed and inserted in this judgment by the clerk of the court." The property was taken by the plaintiff, and not redelivered to the defendant.

The learned counsel for appellant contend that the judgment in this case should be reversed upon the following grounds: (1) That the defendant, by his general denial, put in issue his possession of the property at the commencement of the action, and the jury, having found all the issues in favor of the defendant, necessarily found that he was not in posession when the action was commenced, and he was not therefore entitled to a return of the property. (2) For the reason that the defendant did not by his pleading or evidence connect himself with the title or right to the possession of the property, and hence did not show himself entitled to a return of the same.

The general denial under the Code puts in issue, not merely the unlawful detention of the property by the defendant, but also the title and right to the possession of the plaintiff, and under it the defendant may not only show that the plaintiff has no title or right to the possession, but, by way of establishing that fact, he may prove title in himself or in a stranger; and,

for the purpose of showing that he does not unjustly or unlawfully detain the property, the defendant, under such general denial, may prove that the property was in the possession of some other person at the time the action was commenced. Timp v. Dockham, 32 Wis. 146; Kennedy v. Shaw, 38 Ind. 474; Griffin v. Railroad Co., 101 N. Y. 348, 4 N. E. 740; Hinchman v. Doak, 48 Mich. 168, 12 N. W. 39. But, when the property is taken by the officer under his process, the presumption is that it was taken from the possession of the defendant. Timp v. Dockham, *supra.* This presumption can only be overcome by evidence on the part of the defendant that he did not have such possession at the commencement of the action. Hinchman v. Doak, *supra;* Timp v. Dockham, *supra;* Willis v. De Witt (S. D.) 52 N. W. 1090. In the case at bar we find no evidence that overcomes the presumption above stated. The verdict of the jury, finding all the issues in favor of the defendant, is not inconsistent with this presumption, and the further finding that the defendant was entitled to the possession conclusively establishes the fact that he was so in possession at the commencement of the action. Ordinarily, a verdict of a jury finding all the issues in favor of the defendant will be construed with reference to the presumption above stated, and not as finding that the defendant was not in possession at the commencement of the action, unless that was made a distinct issue in the case by the evidence on the part of the defendant, and clearly established by such evidence. Hinchman v. Doak, *supra.* And such seem to be the views of the profession and practice of the courts of this state. Appellant's first position, therefore, in our view of the case, is not well taken, and could not be sustained even had the jury omitted to find that the defendant was entitled to the possession.

The second proposition of counsel is equally untenable. The rule of law has long been settled that when the defendant pleads property in himself or a stranger, or traverses the plain-

tiff's right to the possession, if he prevails in the action he will be entitled to a return of the property, or its value in case a return cannot be had. In the action of claim and delivery both parties are actors. The plaintiff seeks a recovery on the ground that he is entitled to the possession, and the defendant seeks ordinarily to defeat the action and maintain his possession on the ground that the plaintiff has no right to such possession. When, therefore, the defendant prevails in the action, and the property has been taken from him under the process, he is clearly entitled to its return, or its value in case a return cannot be had. The reasons why a return in such case should be adjudged are thus clearly stated by Chief Justice Appleton in Witham v. Witham, 57 Me. 447: "The action not being maintainable, the parties are to be restored to their condition before the suit was instituted. Were it not so, a plaintiff without a right to maintain an action would have the same benefits as if he had the right. He would succeed in obtaining and retaining possession of the desired property by virtue of a suit which by law he had no right to bring, and in which, having brought it, he is defeated. The plaintiff, to recover, must show he is the exclusive owner, and has an exclusive right to the possession and control, of the property replevied. This he has failed to do. The right of the defendant is equal to his. The goods replevied were not unlawfully taken or detained from the owner or person entitled to the possession thereof. They were rightfully in the possession of the defendant, and, the action not being maintainable, must be restored to him." The law in such case is also very clearly stated by Chief Justice Parker in Quincy v. Hall, 1 Pick. 357, as follows: "By the common law, property in a stranger may be pleaded in bar or abatement; and the reason is that the object of the writ is to give the possession of the chattels to him who claims to have the right. If he fails to make out his title, the possession ought to be restored to him from whom by process of law it was taken; and it is wholly immaterial whether the defendant has any title or

not, provided the plaintiff has none, for the defendant is entitled to the possession, being answerable for the chattel to the true owner." And Mr. Justice Cowen, in Ingraham v. Hammond, 1 Hill 353, says: "It has been long settled, and never questioned, that in replevin the plea of property in a third person is good, and entitles the defendant to have return thereof, without his connecting himself with the right of such person or making avowry. 27 Hen. VIII. 21, pl. 11; Butcher v. Porter, 1 Salk. 94; Parker v. Mellor, 1 Ld. Raym. 217, Carth. 398; Harrison v. McIntosh, 10 Johns. 380, 384; Prosser v. Woodward, 21 Wend. 209, 210. The reason for it is thus given in Salkeld: 'Whether the property be in a stranger or a defendant, the defendant ought to have a return, because he had the possession, which was illegally taken from him by the replevin.'" Hoeffner v. Stratton, 57 Me. 360; Pico v. Pico, 56 Cal. 455; Williams v. Kessler, 82 Ind. 184; Griffin v. Railroad Co., 101 N. Y. 348, 4 N. E. 740; Timp v. Dockham, 32 Wis. 146.

Again, it is contended by the respondent that the defendant was the agent of Daisy Young in respect to this grain. There is some evidence to show that, in the raising and disposition of this grain, he was acting as her agent, and, if the jury so found, we should not be disposed to disturb the verdict, though he does not allege in his answer that he held possession of the grain as her agent. Under his denial of plaintiff's ownership and right to possession of the grain, he could have proven that it belonged to Daisy Young, and that he had possession of it as her agent. Griffin v. Railroad Co., 101 N. Y. 348, 4 N. E. 740. If such was the fact, he was clearly entitled to a return of the grain or its value, under all the authorities.

On the trial, the defendant offered in evidence the record in the case of J. Voak & Co. against the defendant, Robert Young, by which it appeared that said Voak & Co. held a prior mortgage upon the real estate; that they had commenced an action to foreclose the same; that in that foreclosure proceeding one S. C. Swayne had been appointed receiver of the rents and

profits; and that, as such receiver, he had, in the spring of 1892, leased the property upon which the grain in controversy was raised to Daisy Young, the wife of the defendant.  This record and all the proceedings had thereunder were objected to by counsel for plaintiff upon the ground that the same were ''incompetent, irrelevant, and immaterial.''  The counsel now contend in this court that the objection should have been sustained, on the ground named, that it appears in the lease from the receiver to Daisy Young the property was described as the ''northwest quarter'' instead of the ''northeast quarter'' of the section.  This erroneous description in the lease seems not to have been discovered or noticed on the trial, as no objection was taken to the lease upon that specific ground, and the specific objection was first called to the attention of the trial court upon the motion for a new trial.  All the evidence on the trial on both sides was directed to the ''northeast quarter'' only. The learned counsel for the appellant contend that, as the defect could not have been obviated at the trial, their objection was sufficiently specific to entitle them to raise the question in this court.  In Mining Co. v. Noonan, 3 Dak. 189, 14 N. W. 426, Mr. Justice Moody, delivering the opinion of the court, thus states the rule governing this class of objections:  ''No rule of practice is better settled than that where an objection to evidence could have been obviated upon the trial, if specifically pointed out, an exception which does not specifically point out such objection will be unavailing upon appeal.  Says Mr. Wait, in his work on Practice, a text which is supported by all the cases to which our attention has been called, and denied by none:  'Where a specific objection might have availed, a general objection will not be sufficient to raise the point on appeal, especially if the difficulty might have been obviated if such specific objection had been made. Where an exception to evidence is so general in its character as not to indicate the particular ground on which it is made, the exception will be unavailing, unless the

character of the objection was such that it could not have been obviated on the trial had it been specifically pointed out. It is well established that the courts do not favor any unfair or secret mode of raising an objection, and therefore any objection which might have been fairly answered if seasonably made will be disregarded on appeal, unless specifically taken below.' 3 Wait, Prac. p. 206; 4 Wait, Prac. p. 230; Tooley v. Bacon, 70 N. Y. 37; Levin v. Russell, 42 N. Y. 251; Williams v. Sargeant, 46 N. Y. 181; Belk v. Meagher, 104 U. S. 288; Braly v. Reese, 51 Cal. 447; Manufacturing Co. v. Brown, 9 How. Pr. 27; Knapp v. Schneider, 24 Wis. 70; Burton v. Driggs, 20 Wall. 125; City of Ripon v. Bittel, 30 Wis. 614; Bridge Co. v. Geisse, 38 N. J. Law, 39; Merritt v. Seamon, 6 N. Y. 168; Coon v. Railroad Co., 5 N. Y. 492-495. * * * If the objection goes to the merits, and cannot be obviated, then a general objection may suffice, because in such case the evidence cannot be made available to the party by any subsequent acts. To hold that a party may upon a trial interpose a general objection in no way pointing out the defect of which he complains, and which could be easily and speedily remedied, and then for the first time in the appellate court raise the merely technical objection that the paper offered was not sufficiently certified or authenticated or otherwise proven, would be opening the door to the grossest unfairness, and would be trifling with the administration of the law. If parties desire to avail themselves of such objections, they must make them in the trial court, with such particularity and so specifically that this court can see that such trial court has passed upon the very question presented here. Not one case has been called to our attention where a contrary doctrine is sustained."

We are of the opinion that the defect or mistake in the lease could easily have been obviated at the trial had the attention of respondent's counsel been called to it by a specific ob-objection. He could have withdrawn the written lease, and proved the leasing by parol, as it was not a lease that was required to be in writing. The lease bears date April 19, 1892,

and was for the season of 1892, and hence did not exceed one year. Comp. Laws, section 3245. Or possibly, as between third parties, the insertion of the "northwest" instead of the "northeast" quarter may have been shown to be a mere clerical error. But this is not necessary now to decide.

Our conclusions are that the verdict in this case was fully justified by the pleadings and the evidence, and that the judgment properly followed the verdict. Finding no error in the record, the judgment of the circuit court is affirmed. All the judges concur.