## HALL v. CITY OF KALAMAZOO.

REPLEVIN—WHEN LIES—POSSESSION OF PROPERTY.

An action of replevin cannot be maintained where plaintiff fails to show that, at the time of suing out the writ, defendant either had the property in his possession or under his control, or was a party to its concealment.

Error to Kalamazoo; Adams, J. Submitted June 4, 1902. (Docket No. 3.) Decided September 17, 1902.

Replevin by William B. Hall against the city of Kalamazoo and Fred Winslow, city treasurer. From a judgment for defendants, plaintiff brings error. Affirmed.

*E. A. Crane*, for appellant.

*Harry C. Howard*, for appellees.

GRANT, J. Defendant Winslow, as treasurer of the defendant city, levied upon certain personal property as

the property of the Kalamazoo Gas & Electric Company, and sold it, to secure the collection of taxes which had been assessed against the company. Plaintiff, claiming title, brought this action of replevin to recover said property. The property not being found in the possession of either of the defendants, he asked judgment for the value. The case was tried before the court without a jury, and judgment rendered for the defendants.

The court found against all the claims of the plaintiff, and we think correctly. The finding is very long, and it is unnecessary to consider all the points raised. One finding is conclusive against the plaintiff's right to judgment. Plaintiff failed to show that the defendants had possession or control of the property at the time the suit was commenced. It is not claimed that the defendants had concealed the property. Mr. Winslow had sold it at public auction. The plaintiff was present by his attorney, and protested against the sale, and was therefore in position to know who bought it, and in whose possession it was. No action of replevin would lie against Mr. Winslow without showing that he either had the property in his possession or under his control, or had been a party to its concealment. A purchaser at an auction sale of personal property for cash presumptively takes possession. At all events, replevin is a possessory action, and the plaintiff must show not only the right of possession in himself, but also the unlawful possession in, or detention and control by, the defendant. Cobbey, Repl. § 64; *Hinchman* v. *Doak*, 48 Mich. 168 (12 N. W. 39); *Reid, Murdoch & Co.* v. *Ferris*, 112 Mich. 693 (71 N. W. 484, 67 Am. St. Rep. 437).

Judgment affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred.