FRENCH ET AL V. LANCASTER ET AL.

1. BILLS OF EXCEPTION: SETTLEMENT OF. The practice in the preparation of bills of exception and transcripts to be brought to this Court, stated.

2. SAME. Only so much of the evidence as serves to explain the pertinency of the objection, and that it is substantial, should be given, *and no more.* The evidence should be classified and given in connection with each objection, or ground of insufficiency of the evidence to sustain the verdict or decision.

3. THIS COURT: JURISDICTION OF. This Court, under the practice acts of this Territory, sits to correct the errors occurring in the District Courts, and not to try actions anew. It does not try and determine a case brought here by appeal or writ of error as a Court of original jurisdiction, upon the evidence; therefore the errors complained of must be clearly pointed out to this Court in the transcript.

*Appeal from the District Court of Lawrence County.*

MOTION to return transcript to the District Court for correction. Opinion by the Court. No briefs.

MOODY, J.—As the argument upon the appeal in this cause is to be postponed to the next term, and the record must be returned to the District Court for correction, we have deemed it a proper case, and this the proper time, to enforce the rules of practice, relating to the preparation of bills of exceptions. The Court has directed that the exceptions be restated, with so much of the evidence as shall be necessary to a proper understanding and determination thereof, and no more. We have also directed that such evidence be separated from the mass sent here, and properly arranged and classified with each exception.

The practice of Counsel in sending to this Court a transcript of the record from the lower court, which record is made up by incorporating in the bill of exceptions all the testimony in mass, as it fell from the lips of the witnesses or was otherwise adduced, without separating it and arranging it under proper heads, and with the appropriate exceptions, can no longer be tolerated.

The record in this cause consists of some twenty-seven hundred manuscript pages; much of the documentary evidence is duplicated, and in some instances, are also the motions and proceedings in the lower court. Other cases are, and have been here, with still more voluminous transcripts, and it is known to the members of this court that in some cases tried in the first district, the evidence has covered more than five thousand manuscript pages.

The expense to litigants, and the labor involved in the proper examination of such a crude, undigested, unarranged, conglomerated mass of matter, as the transcript in this case presents, is intolerable, is wholly unnecessary, and could easily be avoided, by a proper compliance with the rules of practice.

It is the duty of the judge in the District Court before authenticating the record, or signing the bill of exceptions, to see to it that the rules of practice are complied with.

The justices of this court are judges of the district courts, for their respective districts, have their time largely occupied by their duties as such district judges, and have no leisure in this court, to select and arrange great masses of evidence, in order to an intelligent understanding, and proper determination of the questions involved.

Where the transcript is very brief, and the evidence adduced quite limited, the necessity for the enforcement of the rule is not so apparent. But where as in this case, a careful examination of the transcript alone, will involve days of labor, counsel cannot reasonably expect the judges to perform the duties which belong to counsel. Bills of exceptions not prepared in conformity to the rules, will hereafter be disregarded in the discretion of the court.

Section 279 of the Code of Civil Procedure, furnishes a plain guide for the preparation of exceptions. It provides: "The objection must be stated with so much of the evidence or other matter, as is necessary to explain it, *and no more*. But when the exception is to the verdict or decision, upon the grounds of the insufficiency of the evidence to sustain it, the objection must specify the particulars in which such evidence is alleged to be insufficient."

In stating an exception, relating to a question arising upon the trial, concerning the introduction of evidence, the bill should contain the question put, or the offer made, the objection, and so much of the evidence adduced, as serves to explain the pertinency of the objection, and that it is substantial, *and no more;* and so on from time to time, as questions may arise, which it is desired to present to this court.

It is wholly unnecessary to present the same question in the record more than once. When it appears in the transcript that a question has been once fairly presented to, and determined by the District Court, that should suffice.

If, as in this case, the exception is to the verdict or decision, and a new trial is moved for in the lower court, upon the ground of insufficiency of the evidence to sustain it, the objection should specify the particulars in which it is alleged such evidence is insufficient, classifying the evidence, and giving all the evidence relating to each particular of the alleged insufficiency, in connection with each. A form substantially as follows as a skeleton might be used, making it to conform to the requisites of the case, or question in hand:

" The evidence is insufficient to sustain the verdict (or decision) in this." (Then if there is no evidence at all upon some matter, forming a material link in the chain of proofs necessary to sustain the adversary's right to recover, say:) " There is no evidence which tends to prove," (stating such link necessary in the chain of proof.) (Or if there is some evidence relating to that particular matter, but not sufficient, say:) " There is not sufficient evidence to prove," (here stating the matters constituting such necessary link, and then add:) " The following is all the evidence adduced upon that subject." (Then set forth all the evidence only upon that particular subject, embodying questions and answers in narrative form, where it can well be done, and space saved, leaving out all mere formal and non-essential parts of the evidence, and making it as brief as possible. But when it is at all essential to a correct understanding of the precise meaning of the witness, the questions and answers as put and given should be presented.)

If there is more than one particular in which it is alleged the evidence is insufficient to sustain the verdict, or decision; then also specify that particular, giving all the evidence applicable thereto, in that connection.

By carefully preparing the record in the lower court, in accordance with these suggestions, to bring a cause to this court, much of the expense of a transcript can be saved to litigants, and much labor and annoyance can be saved to court and counsel in this

court, and the questions of law and of fact, can be clearly and succintly presented.

It is a mistaken view, sometimes entertained, of the powers and duties of this court, that it can try and determine a cause, brought here by appeal or writ of error, upon the evidence, when it is embodied in the record, as though it was a court of original jurisdiction. This court, under the practice acts of this Territory, sits to correct the errors occurring in the District Courts, and not to try actions anew. Therefore the errors must be pointed out to this court, and the rules of practice have made it plain how that may be done.

The Court has deemed it advisable to present the foregoing remarks in writing, to the end that there may be uniformity of practice in the particulars mentioned, and the profession throughout the Territory may understand, what is essential to the proper presentation to this court, of the questions brought here for determination.

All the Justices concurring.