## LEIGHTON v. SERVESON *et al.*

After judgment for plaintiff in justice court, his attorney perfected a lien for fees, as against the judgment debtor, as provided in Comp. Laws, Sec. 470, Subd. 4; and, after affirmance of the judgment on appeal to

the circuit court, an action was brought by plaintiff against defendant and the sureties on his appeal bond. *Held* that, by filing his lien, the attorney obtained an interest both in the judgment and in the cause of action on the appeal bond, which was not affected by a subsequent assignment of plaintiff's interest in the judgment to one of the defendant sureties on the bond.

(Syllabus by the Court.   Opinion filed April 7, 1896.)

Appeal from circuit court, Sanborn county.   Hon. D. HANEY, Judge.

Action by William Leighton against James Serveson, George W. Corkings and another on an appeal bond.   Plaintiff had judgment, and defendant Corkings appeals.   Affirmed.

The facts are stated in the opinion.

*N. B. Reed* and *T. H. Null*, for appellant.

The attorney's lien never attached to funds coming from appellant.   Pirie v. Harkness, 3 S. D. 179.   Plaintiff not having notice of the lien had a right to purchase the judgment and thus become the real party in interest to the entire cause of action.   He therefore had a right to dismiss the action on his motion.   Failing to be permitted to dismiss, he was then entitled to be substituted as plaintiff, and if any one could recover to proceed to judgment under the original pleadings.   No amendment to complaint was necessary.   Kittle v. Bellgarde, 86 Cal. 556; Reynolds v. Reynolds, 7 N. W. 322, 10 Neb. 754.

*S. A. Ramsey*, for respondent.

FULLER, J.   In justice court plaintiff obtained a judgment for $68.50 against the defendant Serveson, who appealed therefrom to the circuit court, where said judgment was affirmed. Plaintiff's attorney herein, S. A. Ramsey, Esq., had at all times exclusive charge of the above mentioned cause, and before the commencement of this action against Serveson, as principal, and Corkings and McAuley, as sureties, upon the undertaking on appeal from the judgment obtained in justice court, an attorney's lien for $33 was by said Ramsey perfected and made effectual against the judgment debtor, by filing the same as

provided by Subdivision 4 of Sec. 470 of the Compiled Laws. Plaintiff had judgment below, and the defendant Corkings appeals.

During the pendency of this action in the trial court, and long after the filing of the attorney's lien above mentioned, and apparently with actual notice thereof, the defendant Corkings obtained an assignment of plaintiff's interest in the judgment existing against the defendant Severson, and by leave of court filed a supplemental answer in which such assignment was averred, and in which a dismissal of the cause was demanded, together with a judgment for costs, against plaintiff, accruing in this action subsequently to plaintiff's assignment of his interest as a judgment creditor of Serveson. A motion to substitute Corkings as a party plaintiff in the action upon the grounds mentioned in his supplemental answer, was properly overruled. By filing his lien for attorney's fees Ramsey became, as against the judgment debtor, and in equity, the assignee and owner of an interest in the judgment and cause of action upon the undertaking, which was not divested nor affected by the assignment of plaintiff's interest therein. Clark v. Sullivan, (N. D.) 55 N. W. 733. The assignment of plaintiff's interest in the judgment to the defendant Corkings neither relieved the judgment debtor nor his sureties from their liability to Ramsey. He still remained a party in interest, and it was within the power of the court to permit the action to proceed to judgment in the name of the original plaintiff against the sureties upon their undertaking, they alone having appeared herein. Comp. Laws, § 4881. The judgment against Serveson still stood charged with the attorney's lien, and the fact that the court sustained a motion to direct a verdict in plaintiff's favor against the defendant sureties, simply for the amount of the unassigned interest of Ramsey, being fully established by the evidence is not a matter of which appellant has any reason to complain. The record as presented discloses nothing to justify a reversal, and the judgment of the trial court is affirmed.