## McCABE v. DESNOYERS et al.

No question not presented and ruled on in the trial court can be raised on appeal.

A general objection to evidence will not be reviewed on appeal, unless it clearly appears that the objection could not have been obviated had the same been specifically pointed out.

Rev. Civ. Code, § 1201, subd. 2, provides that actual fraud is where a party to a contract, with intent to deceive another party thereto, or induce him to enter into it, positively asserts in a manner not warranted by the information of the person making it that which is not true, though he believes it to be true. **Held** that, where a seller makes representations as to the kind or quality of the goods sold which are relied on by the purchaser, the seller is liable for any damages accruing to the purchaser by reason of the falsity of the representations, even though the seller believed the representations to be true, as he is bound to know whether as a matter of fact his representations are true.

In an action for damages from false representations on the sale of a horse, to the effect that he was of a certain pedigree, an instruction that, in ascertaining the value of the horse as he would have been had he been of the stock represented, it was not necessary that the jury should take the price at which he was sold, but that plaintiff was entitled to receive the benefit of the value of such a horse as was indicated by the representations, though he was worth more than the amount paid, the measure of damages being limited, however, to the amount set up in the complaint, was proper.

(Opinion filed, July 11, 1906.)

Appeal from Circuit Court, Clark County. Hon. GEORGE H. MARQUIS, Judge.

Action by John R. McCabe against Henry Desnoyers and

others. From a judgment for plaintiff, defendants appeal. Af--firmed.

S. A. Keenan, for appellants. Sterling & Clark, for respondent.

CORSON, J. This case is before us on an appeal from the judgment and order denying a new trial. The action, it is contended by the plaintiff and respondent, is one for fraudulent representations in the sale of a certain stallion made by the defendant to the plaintiff.

The appellant contends that the action is one for breach of warranty, and that as the defendants in their separate answers pleaded the six-year statute of limitations, and as more than six years had elapsed after the making of the contract and before the commencement of the action, the same was barred. It is contended by the respondents that the action was tried in the court below entirely upon the theory that the action was one for damages for fraudulent representations made by the defendants, and not discovered by the plaintiff until about five years after the representations were made; that the issue as to the statute of limitations was entirely ignored in the trial of the case, and that the question was not presented to the court below either by motion, objection to testimony, or request for instructions to the jury; and that that question now cannot be raised for the first time in this court. We are inclined to take the view that the respondent is right in his contention, as it is nowhere disclosed by the record that this question was raised in any form at the trial in the court below, either by instructions requested of the court or on the motion for a new trial. Taking this view of the case that the action was one for fraudulent representations made by the defendants, it will not be necessary to discuss or decide the question as to the statute of limitations; the rule being well settled in this court that no questions not presented to the court below in some form at the trial and a ruling had thereon can be raised in this court. Parrish et al. v. Mahany et al.; 12 S. D. 278, 81 N. W. 295; Noyes v. Brace, 9 S. D. 603; 70 N. W. 846; Dowdle v. Cornue, 9 S. D. 126, 68 N. W. 194; Gaines v. White, 2 S. D. 410, 50 N. W. 901.

The contention of the appellant that the court erred in admitting certain evidence given on the trial by the plaintiff, under the

general objection that it was incompetent, irrelevant, and immaterial, cannot be considered by this court, as no specific objection was pointed out. This court has repeatedly held that a general objection is insufficient, and that this court will not review or consider such an objection unless it clearly·appears that the objection could not have been obviated had the same been specifically pointed out. Caledonia Gold Min. Co. v. Moonan, 3 Dak. 189, 14 N. W. 426; Pitts Agr. Works v. Young, 6 S. D. 557, 62 N. W. 432; St. Croix Lumber Co. v. Pennington, 2 Dak. 467, 11 N. W. 497; State v. La Croix, 8 S. D. 369, 66 N. W. 944; Mathews v. Silvander, 14 S. D. 505, 85 N. W. 998.

It is further contended by appellants that there was misconduct of the jury, in that the verdict arrived at was a quotient verdict, and an affidavit of 10 of the jurors was presented to the trial court in support of this contention. An affidavit of 8 of the same jurors, however, was presented on the part of the respondent, correcting their former affidavit, and the trial court seems to have held that the evidence was insufficient to support the appellant's contention. We are unable to say from the affidavits presented that the decision of the trial court was not fully sustained by the same, and the decision of the trial court is therefore conclusive upon this court. This case is not ruled by the case of Long v. Collins, 12 S. D. 621, 82 N. W. 95, for the reason that in that case the evidence conclusively established the fact that the verdict was a quotient verdict, and made upon an agreement of 12 jurors to abide by the result of the addition and division of the sums set down by the respective jurors.

The appellant also contends that certain instructions given at the request of the respondent were erroneous, and did not correctly state the law applicable to the case, and that an instruction requested by the appellant and refused by the court should have been given. The instructions given at the request of the respondent and excepted to are as follows: "(1) You are instructed that as a matter of law, when a seller of personal property gives a warranty or makes representations in respect to the kind or quality of the goods or chattels sold, that he is bound to know whether as a matter of fact his warranty or representations are true, and that, if a buyer buys from

him upon the strength of such representations or warranty, he has a right to hold the seller responsible and accountable if such warranty fails or such representations are untrue. It is the duty of a person giving a warranty or making representations as to the kind or quality of goods sold to ascertain and know whether such warranty or representations are true or not. (2) You are instructed in this case that if you find from the evidence that the horse in question was purchased by plaintiff from the defendants under the warranty that he was a standard bred stallion of Clydesdale stock, or was represented by defendants to plaintiff to be of a standard and pure bred Clydesdale stock and entitled to registration, and that plaintiff purchased said animal from the defendants relying upon such representation and warranty, then the defendants are liable to plaintiff for any damage caused by reason of the failure of such warranty or the falsity of such representation, even though the defendants believed them to be true at the time they were made. * * * (6) I further instruct you that in ascertaining the value of the horse as he would have been had he been of pure Clydesdale stock it is not necessary that you should take the price at which he was sold, for plaintiff is entitled to receive the benefit of the value of such a horse as was indicated by the purported certificate of pedigree, even though he was worth more than $500; the measure of damages being limited, however, to the sum of $500, as set up in the complaint. As an illustration of the foregoing principle, and as an illustration only, if you find that the horse in question would have been worth $500 if he had been as represented by the defendants, and by the purported certificate of pedigree, and if you find that a grade horse of the age and condition of the one sold would be worthless for stock purposes, then the amount of damages would be the sum of $500, and if you find that a horse such as was represented by the defendants and by the purported certificate of pedigree was of a greater value than that actually paid by plaintiff to defendants you have a right to fix whatever value you think the evidence will warrant and deduct therefrom what would be the value, if any, of a similar horse, except that he be of mixed blood and without a pedigree, and the difference will be the amount of recovery for the plaintiff, if you find for the plaintiff at all." The

instruction requested by the appellant and refused, and to which refusal the appellant excepted, is as follows: "I charge you as a matter of law that a party cannot be guilty of fraudulent concealment of a fact, or a fraudulent failure to disclose a fact, unless he has knowledge of the fact actual or constructive. So, in this case, should you find from the evidence that the stallion in dispute was not registered, and did not have the pedigree as stated by defendants, and should you further find that, in making the statements regarding these facts, defendants believed them to be true, and acted in good faith, then and in that event defendants are not chargeable with fraudulent concealment, nor with fraudulent failure to disclose such facts." The instructions given at the request of the respondent in our opinion, stated the law correctly as applicable to this case. It was claimed by the respondent, and there was evidence tending to support the claim, that the defendants in 1894 sold to the respondent the stallion in controversy, representing it to be a standard bred Clydesdale stallion, and that the appellant gave the respondent a certificate of pedigree purporting to have been issued by the Clydesdale Horse Society of Great Britain and Ireland, and that in 1899 the respondent discovered that the said certificate of registry was forged and fraudulent, and that the said stallion was not a pure bred Clydesdale stallion as represented, but was a grade or mixed blood stallion, and for that reason he was practically worthless to the respondent for breeding purposes. It was claimed by the defendants ,and there was evidence tending to prove the same, that they did not know the certificate was a forgery and believed at the time that it was a genuine certificate. The rule applicable to such a case is stated in subdivision 2, § 1201, Rev. Civ. Code: "Actual fraud, within the meaning of this chapter, consists in any of the following acts, committed by a party to the contract, or with his connivance with intent to deceive another party thereto, or to induce him to enter into the contract: * * * 2. The positive assertion in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true." It will be observed that the instructions requested by the respondent and given by the court are consistent with the provisions of the Code above given, and that the instruction as

requested by the appellant and refused by the court was in contravention to this provision of the Code. The court was clearly right, therefore, in giving the instructions requested by the respondent and in refusing the one requested by the appellant.

The court, in addition to these instructions given at the request of the respondent, gave the following instructions requested by the defendant: "(2) I further charge you that the law is, if a person represents a material fact to be true to his own personal knowledge, where he does not know whether it is true or not, instead of merely expressing an opinion or belief, and the representations are untrue, he is guilty of falsehood and fraud even though he may think it true. But this rule is not applicable to cases where a person states facts which are not susceptible of personal knowledge, or where the party discloses the information upon which he bases his opinion, or is made under such circumstances as to show that the party intends merely to give his belief as to the facts stated. In such a case the statement will not amount to fraud if made innocently and in the bona fide belief that it is true. (3) In this case it is not claimed that defendants had any actual personal knowledge of the pedigree or registration of the stallion in question. And should you find from the evidence that in making representations complained of defendants referred to the written pedigree as the basis of their statements or made statements from which it must have been inferred that such opinion was based on such pedigree, that they believed the pedigree and their statements to be true, and that they acted innocently and in good faith, they are not guilty of fraud, even though you may find the said pedigree false and untrue." In addition thereto, the court on its own motion very fully and correctly instructed the jury as to the law applicable to this case, and, as no exceptions were taken to this charge, the law as given by the court must be regarded as the law of the case. The contention of counsel for appellant that the instructions tended to confuse or mislead the jury is in our opinion entirely unsupported.

Finding no error in the record, the judgment of the court below and order denying a new trial are affirmed.

FULLER, P. J., dissents.