## WOODS et al. v. STACY.

The grounds of an objection or motion, as stated on the trial, cannot be substantially changed in the specifications of error appended to the bill of exceptions or in the assignment of error.

In an action on a written contract, a motion by defendants for directed verdict on the ground that the modification of the agreement relied on by plaintiff was not in writing, and was without consideration, was insufficient to preserve objection that the modification did not conform to Civ. Code, § 1287, providing that a written contract may be altered only by written or executed oral agreement.

Exceptions to the instructions on the ground that the modification of a contract was too indefinite to constitute a contract, that no oral contract was made, and that the modification was not claimed to be in writing, or for any consideration, were also insufficient to preserve the objection, under Civ. Code, § 1287.

(Opinion filed, October 26, 1911.)

Appeal from Circuit Court, Walworth County; Hon. J. H. Bottum, Judge.

Action by M. T. Woods and another, partners as Woods & Rosenburger, against L. R. Stacy. Judgment for plaintiffs, and defendant appeals. Affirmed.

*Taubman & Williamson,* for appellant. *P. C. Morrison (Brown & Smith,* of counsel), for respondents.

Haney, J. So far as material to the questions requiring attention, the allegations of the complaint are, in substance, that the plaintiffs are, and were during all the time mentioned therein, partners engaged in the real estate and land business; that on December 19, 1910, the plaintiffs and the defendant entered into a written contract, wherein it was agreed that, if the plaintiffs would procure a purchaser within 30 days for certain described real property at $3,000 cash, net to the defendant, the defendant would pay the plaintiffs, as commission, any amount received in excess of $3,000; that on January 10, 1911, "the defendant further agreed to and with the plaintiffs" that if the plaintiffs would find a purchaser for the same property, less a certain described part thereof, at $2,600 cash, net to the defendant, the defendant would pay the plaintiffs, as commission,, any amount received in excess of $2,600; "that under and by virtue of said agreements" the plaintiffs procured a purchaser "within the said time" who was ready, willing, and able to pay $2,800 for the property; and that the defendant refused to pay plaintiffs' commission, though it was demanded. All these allegations are denied by the answer. In view of the evidence and the charge of the learned trial court, the jury having returned a verdict in favor of the plaintiffs for $200, the facts stand established as alleged in the complaint.

[1] The only proposition discussed in appellant's brief is to the effect that plaintiffs should not have recovered, because the oral modification of the written contract was not executed; his contention being based on this provision of the statute: "A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise." Rev. Civ. Code, § 1287. Respondents insist there is nothing in the record upon

which appellant's contention can be predicated.  The grounds of an objection or motion, as stated on the trial, cannot be substantially changed in the specifications of error appended to the bill of exceptions or in the assignments of error required by the rules of this court to be printed in the abstract.  No ruling of a trial court should be ever reversed upon grounds not called to its attention when the ruling was made.

[2, 3] In stating the grounds of his motion for a directed verdict, appellant alluded to the subject of modification in this language: "Seventh.  For the reason that the undisputed evidence shows that the contract was in writing, and that the claimed modification thereof is not in writing, and is without consideration, and that the testimony does not show that they furnished a customer ready, able, and willing to comply with the modified, or the claimed modified, terms of the contract, and that whatever modifiations are claimed were without consideration and were not in writing and within the statute of frauds."  His exceptions to the charge, so far as they related to the subject, were as follows: "To all that part of the court's charge in which he referred to the modification of the written contract, for these reasons, among others:  That the same was not within the issues of the case, that said modifications were too indefinite and uncertain to constitute a contract, and that no oral contract was, in fact, made.  For the further reasons that the modification or change of the written contract was not claimed to be in writing, nor for any consideration, and, being in reference to real estate, was within the statute of frauds and void, if such contract existed."  Clearly the question discussed in appellant's brief was not properly presented to the trial court, and, not having been so presented, it should not be considered by this court.

The judgment and order appealed from are affirmed.