REED, Appellant, v. BOLAND, Respondent.

(140 N. W. 691.)

1. **Trial—Findings—Necessity of Request—Relevancy.**

   While the trial court may make a material but irrelevant finding of fact on evidence admitted without objection, it need not make such a finding in absence of request therefor.

2. **Appeal—Presentation of Question Below—Jurisdiction.**

   A question not jurisdictional, and not presented to trial court and ruled upon, cannot be raised on appeal.

3. **New Theory on Appeal.**

   Where heirs sued to recover realty conveyed to defendant by their ancestor pursuant to contract, the theory that plaintiffs could rescind the contract because of defendant's failure to perform cannot be urged on appeal, though supported by irrelevant evidence admitted without objection, where it was not presented below prior to motion for new trial, either by pleadings or motion to amend, or by request for findings.

4. **Findings—Sufficiency of Evidence.**

   Findings of trial court will not be set aside because of insufficiency of evidence, unless there is a plain preponderance of evidence against them.

(Opinion filed March 31, 1913.)

Appeal from Circuit Court, Lawrence County. Hon. Wm. G. Rice, Judge.

Action by Susie R. Reed and others against Ella M. Boland, to compel conveyance of realty to them by defendant. From a judgment for defendant and an order denying a new trial, plaintiffs appeal. Affirmed.

*W. S. Elder,* and *Samuel C. Polley,* for Appellants.

The evidence shows that the agreement between Mrs. Kingsley and the defendant was never carried out or complied with, on the part of the defendant. 1. The defendant never made any

provision by will or otherwise, for taking care of Mrs. Kingsley in case of her own death before that of Mrs. Kingsley. 2. She did not pay the expenses of the last sickness, nor of the funeral of Mrs. Kingsley.

The court erred in refusing to adopt the findings of fact proposed by plaintiffs. Without taking them up in detail suffice it to say that they are not only supported by the uncontradicted evidence of the witnesses but they do not contain a statement of fact that is not within the admissions of the defendant herself.

It may be true that plaintiffs proposed conclusions of law do not necessarily follow from facts proposed, yet they are facts. They are all admittedly within the facts of the case; and are not inconsistent but only additional to the facts actually found by the Court. Their adoption may not have changed the Court's conclusions of law for they are as consistent with the Court's conclusions of law as the findings actually adopted.

## IN REPLY.

Respondent's counsel say (Resp. Br. fol. 74 and 75.), "The plaintiff's complaint is not based upon and does not present this issue, viz: That a valid contract had been entered into between Mrs. Kingsley and Miss Boland which had been violated by the latter entitling the heirs of the former to rescind. The complaint and the evidence in the case is wholly based upon the proposition that no valid agreement had even been entered into between the two."

This does not correctly state the proposition at all. The complaint and evidence were based upon the proposition that the deeds of conveyance were void and that the defendant had not complied with the terms of the contract. Defendant did not make the objection at the trial that this evidence was not within the issues but admitted it without objections of any kind and treated it as though it were one of the issues and tried the case upon that theory. This being the case "It is now too late for Appellant (Respondent) to assert the absence of a proper pleading. The defect, if it were shown to exist could be cured, even in this Court by filing an answer to conform to the facts established by the evidence." H. S. Behrens Lumber Co. v. Lager, 25 S. D., 139.

Had the objection been made at the trial the complaint would have been amended so as to conform to the facts established by the

evidence and will be done even now if the Court should consider it necessary.

*Eben W. Martin,* and *Norman T. Mason,* for Respondent.

Appellants make the point that respondent did not comply with the terms of her contract with Mrs. Kingsley in that she never made any provision for the latter in case respondent should die before Mrs. Kingsley. The contract provides "and in case of the death of the said party of the first part before the party of the second part, said party of the first part will and does hereby further agree to provide for such contingency before her death in such a manner as to leave the party of the second part comfortably situated." Plaintiffs Exhibit 5.

There are four answers to appellant's position:

(1) If Miss Boland should have died before Mrs. Kingsley without making the provision contemplated by the agreement she would thereby have violated its terms and her estate would have been liable to Mrs. Kingsley for all damages flowing therefrom. Mrs. Kingsley was content to accept no other security than Miss Boland's written promise. That which contented her, assuming that she was competent to make a contract, must content every one. else.

(2) Miss Boland's promise to provide for the contingency of her own prior death did not mature, by the express terms of her agreement, until Miss Boland's death. She only promised to make provision for the contemplated contingency at some time before her own death; "The first party will and does hereby further agree to provide for such contingency before her death," (Plffs. Ex. 5). Consequently at the time of Mrs. Kingsley's death Miss Boland had not defaulted in the terms of her own agreement.

(3) The plaintiff's complaint is not based upon, and does not present this issue, viz.: that a valid contract had been entered into between Mrs. Kingsley and Miss Boland, which had been violated by the latter entitling the heirs of the former to rescind. The complaint and the evidence in the case is based wholly upon the proposition that no valid agreement had ever been entered into between the two.

(4) But if this proposition were an issue in the case, and if respondent had violated this term of her agreement, the remedy of.

the heirs and of their intestate would not have been rescission, but would have been an action for damages. No rescission has been attempted, either promptly or otherwise; the parties could not be placed in statu quo. Miss Boland could not recover the value of her services against the estate because no claim therefor supported by affidavit as required, by statute, has been filed with the administrator or allowed by him.

SMITH, J. Appeal from the circuit court of Lawrence county. Plaintiffs and appellants are heirs at law of Mary E. Kingsley, deceased. On and prior to the 20th day of April, 1911, Mary E. Kingsley, since deceased, was the owner of certain real property in the city of Spearfish, S. D., and of other real property in the state of Florida. On the 27th of May, 1911, she entered into a written contract with the defendant, Ella M. Boland, of Spearfish, whereby, in consideration of the transfer to her of said real estate, Ella M. Boland covenanted and agreed to care for Mary E. Kingsley during the remainder of her natural life, to procure for her suitable food and raiment as needed, and to furnish warm and comfortable quarters in which she might live. Ella M. Boland further agreed in said contract that, in case of her death before the death of Mary E. Kingsley, she would provide for such contingency "in such manner as to leave Mary E. Kingsley comfortably situated."

Plaintiffs seek to compel Ella M. Boland to convey said real estate and the proceeds thereof to them as heirs at law of Mary E. Kingsley, alleging that on the 20th day of April, 1911, and for a long time prior thereto, and until her death, Mary E. Kingsley was in poor health of mind and body and unable, by reason of the infirmities of age and weakened mental condition, to transact or carry on business of any character. It is further alleged that Ella M. Boland was an intimate friend of deceased, and by reason of pretended friendship and interest in her welfare obtained and exercised complete control and influence over her mind and controlled the disposition of her property; that during the winter of 1911 Mary E. Kingsley was residing in the state of Florida, and being without friends, and in ill health, wrote Ella M. Boland, at Spearfish, to come to Florida and live with her during the remainder of her natural life, and, as an inducement or consideration for so doing, promised to convey to her the real

property in controversy; that no consideration was paid by Ella M. Boland for the conveyance of said property, other than the agreement that she would care and provide for said Mary E. Kingsley as long as she should live, and it is alleged that both parties knew she could not live more than a few weeks or months; that said contract and conveyances were entered into through the exercise of influence over the mind and body of Mary E. Kingsley and through fraud and misrepresentation.

Defendant admits the execution of the contract and conveyances, and that Mary E. Kingsley was in poor health in body, but denies that she was in poor health in mind, or unable, by reason of the infirmities of old age or otherwise, or by reason of any weakened mental condition, to transact or carry on business; admits that the two were intimate friends, but denies the exercise of control or influence over said Mary E. Kingsley, or over her conduct, or the use or disposition of her property, and denies any fraud or misrepresentation; alleges that the real property was transferred to the defendant with the full knowledge and consent and by the desire of Mary E. Kingsley, acting without undue influence, fraud, or misrepresentation, and while in full possession of her natural faculties; denies that at the time of the execution of the agreement referred to either the defendant or Mary E. Kingsley knew that the latter could not live more than a few weeks or months; and alleges that no one knew how long she might continue to live. The action was tried to the court at the November term, 1911. At the conclusion of the trial plaintiffs requested findings of fact, 15 in number, and conclusions of law in consonance with the prayer of the complaint. The proposed findings and conclusions were denied by the court, and on January 17, 1912, the trial court made and entered findings of fact and conclusions of law in favor of defendant, in which the court found, in substance, that at the time of the conveyances and the execution of the contract referred to Mary E. Kingsley was not only in her right mind, but was in the full possession of all her mental faculties; that her mind was not influenced or weakened by reason either of the infirmities of old age, or by reason of her long illness; and that she was fully competent to transact her business at the time she executed said conveyances and entered into said contract, and both prior and subsequent thereto. The court fur-

ther found that the defendant did not obtain or exercise, at any time, control or influence over the mind of Mary E. Kingsley, or over her conduct, or as to the use or disposition of her property, and that no undue influence was exercised upon said Mary E. Kingsley of any sort: and that the contract and the transfers executed in accordance therewith were fair and reasonable, under the circumstances disclosed by the evidence. The court further found that at the time of entering into said contract Mary E. Kingsley was and had been for many years suffering from tuberculosis of the bowels, together with a fistula, which at times required constant care and attention, and which were extremely disagreeable in their nature and involved a constant danger of infection; that at the time of said contract it was uncertain how much longer Mrs. Kingsley might live; that after entering into said contract she returned from Florida, was cared for at defendant's home at Spearfish, and died there; that Ella M. Boland fully complied with all the terms of the contract; and that the contract and compliance therewith constituted a good and fair consideration for the conveyances referred to.

An examination of the complaint discloses that the validity of the deeds to Ella M. Boland, and of the contract entered into with Mary E. Kingsley, was attacked upon two grounds only: (1) That they were obtained by fraud and undue influence; and (2) that they were without consideration—the latter being an element which may also enter into the question of alleged fraud and undue influence. The complaint does not demand a rescission of the contract; nor does it allege that Ella M. Boland has in any respect failed to discharge the duties and obligations incumbent upon her, under the terms and conditions of the contract.

The answer, in its legal effect, is nothing more than a general denial of the allegations of the complaint. It is apparent, therefore, that the pleadings present no issue as to whether Ella M. Boland had performed the contract on her part. Had plaintiffs sought a rescission of the contract upon the ground that defendant had failed to fulfill its terms and conditions, and for that reason was not entitled to retain the consideration, to-wit, the land in dispute, another and entirely different and distinct issue would have been presented to the trial court. But by their pleadings plaintiffs did not ask or seek a rescission of the contract. They attacked

the transaction only upon the ground of fraud and undue influence, and upon the further ground that the duties and obligations assumed by Ella M. Boland under the contract did not constitute a valid and sufficient consideration for the transfer of the property to her. The issues of fact to be tried were thus clearly and un-. mistakably defined by the pleadings.

On the trial defendant, Ella M. Boland, was called as a witness on behalf of plaintiff, and was asked whether she had ever made any agreement with Mrs. Kingsley, other than the contract dated the 27th of May, 1911, to which she replied she had not. She was then asked by plaintiff's counsel: "Q. You never made a will? A. No, sir. Q. You never put any property in trust for Mrs. Kingsley? A. No, sir. Q. Or made any other provision for her, except the care you took of her while she lived? A. No, sir; unless you mean that if anything happened to me she was to stay at my mother's. That was verbal. Q. Your mother did not make any contract with her to that effect? A. No."

Upon this evidence appellants are contending in this court that they were entitled to rescind the· contract and to recover the lands on the ground of failure of consideration, in that Ella M. Boland had not complied with the contract in not providing for the care and maintenance of Mary E. Kingsley, in case Ella M. Boland should die first.

[1-3] In view of the conclusion reached upon other phases of the case, it might not be necessary, under the facts disclosed, for us to determine whether the contract required Miss Boland to make a will, or to place property in trust, for the benefit of Mrs. Kingsley. But it is appellants' contention that the evidence above set forth was received without objection; that the pleadings could have been amended, if necessary, to conform thereto; and that the court might have based a finding upon this evidence, which would sustain a rescission. It is clear, under former rulings of this court, that when evidence has been received without objection, upon which a material· finding of fact has been made, this court will not reverse the finding, on the ground that the finding is not within the issues made by the pleadings. It is equally clear that appellants' case is not within this rule. At the trial plaintiffs requested 15 findings of fact, every one of which related to matters in issue under the pleadings. But no request was made for a

finding that Ella M. Boland had failed to make provision for the care and maintenance of Mary E. Kingsley, in case of Miss Boland's death. In the absence of a request for a finding upon matters in evidence, but not within the issues made by the pleadings, appellants certainly are not in a position to complain because the court did not make a finding in appellants' favor upon such evidence. In the absence of such request, it was impossible for the trial court to know that appellants relied upon such facts as affecting their substantial rights, or to know that the case was being tried upon a theory different from that disclosed by the pleadings. It is the settled law of this state that questions not jurisdictional, and not presented to the court below in some form at the trial, and a ruling had thereon, cannot be raised on appeal. McCabe v. Desnoyers, 20 S. D. 581, 108 N. W. 341. A judgment will not be reversed on a theory not advanced and relied on in the trial court. McPherson v. Julius, 17 S. D. 98, 95 N. W. 428; Child v. Jenkins, 25 S. D. 69, 125 N. W. 130.

In McPherson v. Julius, 17 S. D. 98, 122, 95 N. W. 434, Justice Corson said, "This court has held in several cases that judgments in this court will not be reversed upon a theory not advanced and relied upon in the lower court," citing cases. In the case at bar the record does not show that the attention of the court was called at the trial to the claimed right of rescission by a motion to amend the complaint, by a request for a finding upon such issue of fact, or in any other manner whatever. So far as the record discloses, the theory of rescission seems to have been advanced, for the first time, upon the motion for a new trial. We are clearly of opinion that, even though evidence may have been received at the trial, without objection, upon matters not within the issues made by the pleadings, but upon which material findings of fact might have been based, the failure to request findings thereon constituted an abandonment of the issue at the trial, and that such evidence cannot be made in any way the ground of a motion for a new trial, and cannot be considered as a ground of error on appeal.

Appellants seek to raise the question by an attack on the finding made by the court "that defendant, Ella M. Boland, fully complied with all of the terms of the contract." Appellants' counsel say, "It is apparent from the contract that it was the

understanding and intention of the parties that such provision should be made by the defendant immediately upon the execution of the original agreement between the said Mary E. Kingsley and the defendant." As we have observed, this theory of the case, so far as the record discloses, appears to have been first suggested upon the motion for a new trial; and whether it be considered a theory of law or of fact, not having been presented to the trial court at the trial, it must be deemed to have been abandoned, and cannot be made a ground of error on this appeal.

[4] Appellants, however, have assigned as error, in proper and sufficient manner, the alleged insufficiency of the evidence to sustain the findings of the trial court, which were within the issues made by the pleadings. We have examined with much care the entire evidence in the record. The rule is well settled in this court that findings of a trial court will not be set aside because of insufficiency of evidence to sustain them, unless the record discloses a plain preponderance of evidence against such findings. We are perfectly clear that no such preponderance is disclosed by evidence in the record. On the contrary, we are inclined to the view that the findings are sustained by a preponderance of the evidence. Counsel, in their briefs, have discussed the evidence with great care in all its bearings, and with much earnestness; but it would serve no useful purpose to attempt to review the discussion here. The evidence is quite voluminous, and a review thereof, to ascertain the weight and probative effect which should be given to it, would unduly extend this opinion, and we think would serve no useful purpose. For this reason we shall not attempt it, except to state that the alleged undue influence related to a date when Mrs. Kingsley was in Florida and the defendant was in South Dakota. Whatever the influence was, it was exercised at long range and by correspondence. The following is a copy of a part of Mrs. Kingsley's letter to defendant under date of March 29, 1911: "I may live a long time yet, but I don't think so. Cramp worse. My idea was to sell the property, put the money in some good bank, then when the end came to turn it all to you. But it don't cost so much to live here, but if you would rather have the property, all right, Some will have to be sold to live on. Then we ought to have another room built on. If I deed the property to you, you will have to foot the bills, so

dear it will be all right either way with me. I need someone to take care of me at the last, and I think you would be good to me. We could have papers drawn up to that effect, that you would take care of me as long as I lived. Would that be all right with you? * * *" Her letters prior and subsequent to that date show that she was clearly in the full possession of her mental faculties, and was capable of transacting her business. On November 17, 1911, Lena Berckley, one of the plaintiffs, wrote defendant as follows: "Now as far as I am concerned you are welcome to all Lizzie gave you. No one knows better than I do how often you took her in when you had not enough room for your own folks, nor how hard it was on you and your dear mother to care for her. * * * I was glad to know she was with you for I was sure she would have all care that anyone would give."

We are unable to find anything in the evidence which would warrant a finding that the defendant acted unconscionably in the transaction. We have carefully considered each assignment of error in the record, and are satisfied that the findings and judgment of the trial court should be affirmed. It will be so ordered.

POLLEY, J., not sitting.