ALLEN, Appellant, v. HENDRICKSON, Respondent, SIOUX FALLS SAVINGS BANK, Surety and Appellant.

(141 N. W. 86.)

1. **Appeal—Questions for Review—Record.**

On appeal by a surety for costs, from judgment against the surety, where the only files transmitted with notice and undertaking on appeal were the affidavit and notice of motion for judgment and the objection thereto, an objection, unsupported by counter-affidavit or other evidence, that defendant knew the surety was insufficient, because in another action between same parties defendant therein procured a dismissal on that ground, is not sufficiently presented for determination.

2. **Appeal—Question not Presented Below.**

Where not raised below, a surety for costs cannot, on appeal, object that judgment could not be entered against surety until time for taking appeal from judgment against plaintiff for costs had expired.

3. **Appeal—Judicial Notice—Scope of Charter.**

In absence of facts of record, a court cannot take judicial notice that a savings bank, under its charter, was not authorized to become surety for costs for non-resident plaintiff.

(Opinion filed April 23, 1913. Rehearing denied June 24, 1913.)

Appeal from Circuit Court, Moody County. Hon. JOSEPH W. JONES, Judge.

Action by James T. Allen against Henry A. Hendrickson. Judgment for defendant, and against the Sioux Falls Savings Bank, surety for costs, for the costs; from which judgment against it for costs, it appeals. Affirmed.

*Geo. W. Egan,* for Appellant.

*Krause & Krause,* for Respondent.

It appears that the person responsible for and who carries on this appeal, presents to your Honors an emasculated abstract. No oral testimony is therein referred to or set out, and all documentary evidence—the records, files and papers in the action—all of which were expressly referred to in the notice of motion and were introduced on the hearing, is omitted. So that your Honors have not before you the evidence upon which the trial court acted in granting the order appealed from.

The attempt to inject a collateral question was properly ignored by the court; especially since the "objection" to the hearing of the motion was in no manner supported so as to call for its consideration, and the record showing that the court had already held the surety to its obligation when that question was directly before it on the motion to release the surety therefrom.

A second point is attempted to be made in the argument, towit, that the motion and consequent entry of judgment against the surety, were premature, and Elder v. Horseshoe Min. & Milling Co., 79 N. W. 834, is relied upon. The attempt to inject this point is purely an after-thought, and cannot be made to serve the intended purpose, since it was in no manner brought to the attention of the trial court.

POLLEY, J. This action was commenced some time prior to the 20th day of March, 1911. The plaintiff was a nonresident, and on the said 20th day of March, 1911, the court made and entered an order dismissing the action, unless within 30 days thereafter the plaintiff furnish security for costs, as required by section 438, C. C. Pr. On the same day the appellant, Sioux Falls Savings Bank, became surety on a bond for such costs, and thereafter a trial was had, which resulted in a verdict in favor of defendant, and judgment thereon, dismissing the action and for costs against the

plaintiff in the sum of $87.15, was entered on the 13th day of November, 1911.

Thereafter, pursuant to the provisions of section 438, C. C. Pr., defendant made a motion to have judgment for the amount of defendant's costs entered against the appellant as surety on the said bond for costs. This motion was based upon the affidavit of one of defendant's counsel and all the records and files in the action.

At the hearing on this motion the appellant, Sioux Falls Savings Bank, appeared by its counsel and objected to the hearing of defendant's motion to enter judgment against it for the reasons:

"(1) The Sioux Falls Savings Bank is a corporation, duly organized and incorporated according to law for the sole purpose of carrying on a banking business, as provided by its charter, and possesses none of the attributes nor powers of surety companies; neither has it complied with the laws of South Dakota governing surety companies; therefore the act of H. R. Dennis, its president, wherein he attempts to bind said corporation as surety for costs in the above entitled action, exceeds the authority conferred on him, and exceeds the power conferred on said corporation by its charter, and is therefore ultra vires and void.

"(2) That on the 8th day of March, 1912, in another action then pending between the parties to this action, with the Sioux Falls Savings Bank appearing as surety, this court issued its order requiring plaintiff to show cause why said action should not be dismissed, for the reason that 'plaintiff has failed to give and fue proper and sufficient security for costs'; that in his affidavit in support of said order G. R. Krause, one of the attorneys for defendant herein, admitted that the Sioux Falls Savings Bank was insufficient surety, which affidavit and order to show cause are now on file in this court, and are by reference made a part hereof. That I am advised that thereafter, at the beginning of the April, 1912, term of the circuit court in and for Moody county, South Dakota, this court did dismiss the said action for the reason set forth in said affidavit and order, to wit, that the said Sioux Falls Savings Bank was insufficient surety for costs."

No counter affidavit nor other evidence was presented in support of said objections, and the court thereupon entered judgment against appellant for the said costs and interest thereon, amount-.

ing to $90.75. The entry of this judgment is assigned as error, and this appeal is prosecuted therefrom.

[1] The only files in the case transmitted to this court with the notice and undertaking on appeal were the affidavit and notice of motion for entry of judgment for costs against the surety, the objections of the surety thereto, as above stated, and the judgment entered against the surety. These papers constituted the entire record on appeal. There is nothing in the record on which this court can pass upon the sufficiency of the second objection above set forth.

[2] The second proposition argued in appellant's brief, to wit, that judgment could not be entered against the surety until the time for taking an appeal from the judgment against the plaintiff for costs had passed, cannot be considered by this court, for the reason that it was in no wise presented to or passed upon by the trial court, and "no ruling of a trial court should ever be reversed upon grounds not called to its attention when the ruling was made." Woods et al. v. Stacy, 28 S. D. 214, 132 N. W. 1007; Gaines v. White, 2 S. D. 410, 50 N. W. 901; Dowdle v. Cornue et al., 9 S. D. 126, 68 N. W. 194; Loftus v. Agrant, 18 S. D. 55, 99 N. W. 90.

[3] This court cannot, nor could the trial court, take judicial notice of the facts set forth in the said first objection, and, so far as the record before us discloses, the trial court did not err in rendering a judgment for costs against the surety.

The judgment of the trial court is affirmed.