KOLB et al, Respondents, v. BINGER et al, Appellants.
(The United States Fidelity and Guaranty Company, Respondent.)

(206 N. W. 421.)

(File No. 5311.   Opinion filed December 9, 1925.)

1.  **Appeal and Error—Theory of Case—Waiver—Supreme Court, in Reversing Judgment, Will Not Pass on Ground For Reversal Raised for First Time on Appeal.**

    Supreme Court, in reversing judgment on other grounds, will not pass on ground for reversal which was not called to attention of trial court, and which was raised for the first time on appeal.

2.  **Vendor and Purchaser— Pleadings— Trial — Evidence—Fraud— Counterclaim for Misrepresentation May Be Interposed to Suit on Installment Note Given for Land.**

    In action on renewal note, representing an installment on purchase price for land, action of court in taking case from jury on theory that counterclaim for misrepresentations interposed by defendant could not be maintained, although evidence showed misrepresentation, held error.

    Dillon, J., dissenting.

Appeal from Circuit Court, Spink County; Hon. Alva E. Taylor, Judge.

Action by Wilson H. Kolb and another against Clarence Binger and another. From a judgment for plaintiffs, and an order denying a new trial, defendants appeal. Reversed.

*W. F. Bruell,* of Redfield, for Appellants.
*Sterling, Clark & Grigsby,* of Redfield, for Respondents.

GATES, J.   Plaintiffs sold to defendant Clarence Binger a 400-acre farm in Spink county for $60,125, on contract which provided for a down payment of $5,000; $5,000 October 1, 1920; $5,125 October 1, 1921; and a mortgage for $45,000, on March 1, 1922, calling for $2,000 annually, with interest.

This is an action for the recovery of money only brought upon two promissory notes, renewals of two of the contract notes, one given by defendant August Binger to his codefendant and indorsed to plaintiffs; the other given by both defendants to plaintiffs. The defendants answered separately, both claiming a failure of consideration because of gumbo in the soil purchased, and defendant Clarence Binger interposed a counterclaim for $20,000, damages

for fraud, deceit, and misrepresentation as to the quality of the land. At the close of the trial the court struck out the evidence relating to the counterclaim and all evidence as to the quality of the soil, not because there was not sufficient evidence to go to the jury, but because as stated by the court:

"Let the record show that it appears to the court from the answers filed in this case that the counterclaim or offset against the plaintiff's demand in this action is as to the whole amount due; that the court is satisfied under the pleadings and from the evidence that under this counterclaim the court could not render a satisfactory judgment."

Thereupon the court, upon plaintiff's motion, directed a verdict for plaintiffs, and, in so doing, said:

"The record may show in this case that it is the holding of the court that the plaintiffs should have a verdict as against the defendant upon the two notes, Exhibits 1 and 2, and that the defendant should recover nothing on his counterclaim as against these notes at this time; that, according to the pleadings, the court holds that this counterclaim is improperly interposed; and that the counterclaim is so dismissed without prejudice."

The defendants appeal from the judgment and an order denying new trial.

[1] In the original brief of appellants it is urged that an action at law is not maintainable on these notes, and our decision in Jones v. Tschetter, 46 S. D. 520, 194 N. W. 839, is cited. The point seems not to have been called to the attention of the trial court and to have been raised for the first time on appeal. We therefore refrain from passing upon that point at this time.

The rulings of the trial court striking out the evidence in support of the counterclaim and in directing a verdict without prejudice to the counterclaim appear to have been based upon the theory that the counterclaim might have been sustained if the action had been one in which the whole land contract was involved, such as, for instance, an action for specific performance, an action for rescission, or an action for damages for breach of contract, but that the damages claimed could not be offset where the action was brought piecemeal to recover the contract consideration. It is difficult to understand why, if the piecemeal action may be brought, the right of counterclaim may not also be as-

serted; otherwise, if a sufficient number of piecemeal actions be brought to cover the entire contract consideration, the defendant might be entirely deprived of his right of counterclaim.

[2] A careful consideration of the evidence shows that there undoubtedly was a misrepresentation as to the number of acres of gumbo and that there was a conflict in the testimony in regard to the extent of plaintiffs' representations as to the number of acres of gumbo. There was also the question whether, after living on the land for more than a year, and after having agreed to a modification of the contract and given renewal notes, the defendant Clarence Binger should be held to be estopped from claiming fraud and misrepresentation as to the quality of the soil. The evidence on behalf of defendants tended to show that there was snow on the ground at the time it was inspected and purchased; that defendant did not know what gumbo was; that the year of his occupancy with plaintiffs was a wet year; that plaintiffs told him the reason the spots, which he afterwards discovered to be gumbo, did not produce good results that year was because of the wet season; that he relied on such assurance; and that he ceased to pay anything further on the contract after he discovered the fraud. We are of the opinion that the testimony above narrated presented issues for the jury. Therefore, regardless of the ruling as to the counterclaim, the court erred in taking the case from the jury if this particular action was maintainable at all.

The judgment and order appealed from are reversed, and the cause is remanded for further proceedings.

DILLON, J. I dissent from the views expressed in the foregoing opinion.

The evidence clearly shows that defendant Clarence Binger had ample opportunity to inspect the plaintiff's farm before entering into a contract for the purchase of such farm. He made three different visits to the farm before the contract was finally executed. Under the terms of the contract, defendant Binger entered into immediate possession of the premises, and farmed the land for the seasons of 1920, 1921 and 1922, personally attending to most of the farming operations during that time. Defendant Binger has received and enjoyed the entire proceeds and income from the land during that time, and, up to the time of the trial, was in possession of the premises. After defendant Binger had

been in possession of the land for over a year, had raised one crop, and was in the middle of the season for sowing crops for the year 1921, a supplemental contract was entered into between defendants and plaintiffs. Under the terms of this supplemental contract, defendant was greatly benefited by an extension of the time agreed upon for the payments, and should not now be allowed to complain that he was deceived at the inception of the first contract. He should not be allowed to take the benefits of the contract, and at the same time repudiate its burdens.

I think the judgment and order denying a motion for a new trial should be affirmed.

Note.—Reported in 206 N. W. 421. See, Headnote (1), American Key-Numbered Digest, Appeal and Error, Key-No. 169, 3 C. J. Sec. 580; (2) Vendor and Purchaser, Key-No. 310, 39 Cyc. 1949.