JOHNSON, Respondent, v. FIDELITY & DEPOSIT CO., Appellant.

(247 N. W. 794.)

(File No. 7446. Opinion filed April 6, 1933.)

*Bielski & Elliott* and *John P. McQuillen,* all of Sioux Falls, for Appellant.

*T. R. Johnson,* of Sioux Falls, pro se.

RUDOLPH, P. J.   The plaintiff and one Opdyke, both being attorneys at law, represented a certain plaintiff in the United States District Court, and obtained a judgment against the defendant in that action in the sum of $6,047.84. From that judgment the defendant perfected an appeal to the United States Circuit Court of Appeals, Frank Bourett v. Roy Herman, Adm'r, 53 F. (2d) 1079, and the defendant in this action furnished a supersedeas bond upon appeal, conditioned that, if the defendant "prosecute his appeal to effect and answer all damages and costs if he fail to make his plea good, then the above obligation to be void; else to remain in full force and virtue." Subsequent to the taking of the appeal, the attorney for the defendant in the federal court

action, who is the same as the attorney appearing for the defendant in this action, obtained a settlement of the federal court judgment, which, it is claimed by the plaintiff here, was without his knowledge, authority or consent. Prior to the time this settlement was obtained, this plaintiff had filed an attorney's lien with the clerk of the United States District Court, and a copy of this lien was personally served upon the attorney for the defendant. It is undisputed that the attorneys for the plaintiff in the federal court action were to receive, as their fees, 50 per cent of the amount recovered, which it was agreed was to be divided equally between plaintiff and Opdyke. The plaintiff instituted this action against this defendant, which had furnished the appeal bond, to recover his attorney fee. The trial court entered judgment in favor of the plaintiff and against the defendant, and the defendant has appealed from the judgment and an order denying its motion for a new trial.

Under the authority of Leighton v. Surveson, 8 S. D. 350, 66 N. W. 938, by filing his lien, the attorney for the plaintiff in the federal court action obtained an interest both in the judgment and in the cause of action on the appeal bond.

The appellant contends, first, that the plaintiff, Johnson, was not employed by the plaintiff in the federal court action, but was employed solely by Opdyke, and that for this reason he had no claim against the plaintiff, and consequently is not entitled to a lien against the judgment of the plaintiff in the federal court action. The trial court held adversely to this contention of the appellant by finding that the employment of this plaintiff was "with the knowledge, consent, and approval" of the plaintiff in the federal court action. This finding of the trial court, in our opinion, is sustained by the evidence, and disposes of this first contention of appellant. Where the client ratifies or authorizes employment of associate counsel, the counsel so employed is entitled to a lien. Thorton on Attorneys at Law, vol. 2, § 586; 6 C. J. 787; Smith v. Wright, 153 Mo. App. 719, 134 S. W. 683; Harwood v. LaGrange, 137 N. Y. 538, 32 N. E. 1000; Heavenrich v. Kelley, 111 Mich. 163, 69 N. W. 226.

The appellant next contends that, if in fact plaintiff did have a lien, it has been lawfully discharged. No useful purpose would

be gained in detailing the facts in connection with this contention of appellant. Certainly the lien was never discharged by the plaintiff himself. Sufficient to say is that we have carefully reviewed this record, and we are of the opinion that, under all of the facts and circumstances, no release or discharge of this lien was ever obtained which was binding upon this plaintiff.

■ The appellant next attempts to question the amount of recovery allowed by the trial court. The respondent contends that the amount of the recovery is not in any way before this court, and that it was not raised in the court below. We are compelled to agree with respondent. We have diligently searched this record in an effort to find something which would justify us in reviewing the amount allowed the plaintiff by the trial court, but have been unable to do so. The trial court found that the plaintiff's interest in the said lien amounted to $1,538.25, and that the said lien was in full force and effect and represented the fair and reasonable value of the services rendered by the plaintiff. Nowhere in the specifications of error, or in the assignments of error, is this determination of the amount of plaintiff's interest in the lien questioned. The specifications and assignments, wherein they attempt to attack this determination of the trial court, attack it only upon the ground "that the evidence shows that said lien was duly and legally released and discharged prior to the making of said findings." This specification does not question the amount as determined by the trial court, except on the grounds that the lien had been released. We have heretofore concluded that the evidence does not establish that the lien was in fact released, which is the only question raised by this specification of error.

The defense was upon the theory, first, that the plaintiff had no lien; and, second, that, if he had a lien, it had been discharged. There was no attempt made in the pleadings to dispute the amount of the claimed lien; the determination of the amount by the trial court was not specified as error on the motion for a new trial, except the specification to the effect that the plaintiff had no interest under the lien because it had been in fact released, which goes only to the question of whether the lien had been in fact released and not to the amount. Under these circumstances, the amount as determined by the trial court cannot be considered as a ground of

error on appeal. This court has consistently held that questions which should have been raised in the court below will not be first considered upon appeal. See Merrill v. Minneapolis & St. L. R. Co., 27 S. D. 1, 129 N. W. 468; Loftus v. Agrant, 18 S. D. 55, 99 N. W. 90, McCabe v. Desnoyers, 20 S. D. 581, 108 N. W. 341; Kolb v. Binger, 49 S. D. 65, 206 N. W. 421; Miles v. Fall River County, 50 S. D. 240, 209 N. W. 360; McPherson v. Julius, 17 S. D. 98, 95 N. W. 428; Dal v. Fischer, 20 S. D. 426, 107 N. W. 534; Child & Co. v. Jenkins, 25 S. D. 69, 125 N. W. 130; Reed v. Boland, 31 S. D. 309, 140 N. W. 691. In addition to this question not having been presented to the trial court under the specifications of error, there is no assignment of error to raise the question in this court, which fact we have mentioned. Rule 4 of the rules of court provides as follows: "An assignment of error need follow no stated form but must point out the error complained of, and the grounds upon which claim of error is based." The only grounds upon which claim of error is based under the assignments of error in this record, is (the same as in the specification of error) that the lien of the plaintiff had been legally released. As we have pointed out, this does not go to the question of the amount of the determination as made by the trial court.

The judgment and order appealed from are affirmed.

POLLEY, ROBERTS, and WARREN; JJ., concur.

CAMPBELL, J., concurs in result.